United States District Court
Southern District of Texas
**ENTERED**
October 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE W. SINCLAIR | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 23-CV-109 |
| BRIAN M. KRASSENSTEIN, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff's Original Complaint. (Dkt. No. 1). Plaintiff asserts that the Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. (*Id.* at 2). *See* 28 U.S.C. § 1332(a). However, Plaintiff's Complaint raises jurisdictional concerns regarding Defendant Forum Advertising LLC ("Forum LLC") that warrant clarification.

Federal courts "have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (internal quotations omitted); *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *SXSW, L.L.C. v. Federal Ins. Co.*, -- F.4th -- (5th Cir. 2023) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Cases are presumed to lie outside the Court's limited federal jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)–(b). "[C]omplete diversity

requires that all persons on one side of a controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid* Settlements, Ltd., 851 F.3d 830, 836 (5th Cir. 2017) (citation omitted). "When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (internal quotations and citations omitted); *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("*MidCap*") ("[P]arties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings."). "Failure [to adequately] allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Determining the citizenship of a legal entity differs based on the kind of entity involved. "[T]he citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For any members of the LLC that are natural persons, their citizenship "is determined by [their] domicile." *MidCap*, 929 F.3d at 313. And if any member of the LLC is itself an LLC, then citizenship ultimately "must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zamora v. Appriohealth, L.L.C.*, No. 4:21-CV-875, 2021 WL 6144024, at *2 (S.D. Tex. Dec. 9, 2021) (citing cases).

Plaintiff properly pleaded his citizenship: "a citizen of Texas." (Dkt. No. 1 at 2). Plaintiff also properly pleaded that Defendants, Brian Mark Krassenstein and Edward Lawrence Krassenstein, are citizens of Florida, and Defendant E&B Advertising Inc., as a "Florida corporation with its principal place of business in Fort Meyers, Florida." (*Ibid.*). However, as to the citizenship of Defendant Forum LLC, Plaintiff pleaded that it is "a Florida LLC with its principal place of business in Fort Meyers Florida." (*Ibid.*). To establish the Court's subject matter jurisdiction over this case, Plaintiff was required to actually identify and specifically plead the citizenship of each and every member of Forum LLC. Having failed to do so, Plaintiff has not carried his burden of establishing that federal jurisdiction exists.

For the reasons stated above, the Court **ORDERS** Plaintiff to submit supplemental briefing demonstrating why this case should not be dismissed for lack of subject matter jurisdiction by **November 1, 2023.** Plaintiff's briefing must address the

Court's concerns as discussed above and include specific citations to legal authority. Additionally, if Plaintiff—in good faith—believes that jurisdiction exists, the Court **GRANTS** Plaintiff leave to amend and **ORDERS** Plaintiff to file an amended complaint, if any, no later than **November 1, 2023.** *See* 28 U.S.C. § 1653.

It is so **ORDERED**.

**SIGNED** on October 17, 2023.

_____
John A. Kazen
United States Magistrate Judge