United States Courts
Southern District of Texas
FILED

OCT 19 2023

Nathan Ochsner, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LAWRENCE (LARRY) W. SINCLAIR )<br>c/o 1520 Sherman Street )<br>Laredo, Texas 78040 )<br>        Plaintiff, Pro Se )<br>)<br>VS )<br>)<br>BRIAN MARK KRASSENSTEIN )<br>15128 Anchorage Way )<br>Fort Meyers, Florida 33908; )<br>)<br>EDWARD LAWRENCE KRASSENSTEIN )<br>15251 Intracoastal Ct )<br>Fort Meyers, Florida 33908; )<br>)<br>E&B ADVERTISING INC )<br>15128 Anchorage Way )<br>Fort Meyers, Florida 33908; )<br>)<br>FORUM ADVERTISING LLC )<br>15128 Anchorage Way )<br>Fort Meyers, Florida 33908, )<br>        <u>Defendants.</u> ) | Civil Action No. 5:23-CV-109<br>**AMENDED COMPLAINT**<br>**AND JURY DEMAND** |

1

Plaintiff Lawrence (Larry) W. Sinclair, Pro Se files this complaint against defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising Inc., and Forum Advertising LLC (collectively referred to as "defendants"), and alleges as follows:

## PARTIES

1. Plaintiff, Lawrence (Larry) W. Sinclair, is a citizen of Texas.
2. Defendant, Brian Mark Krassenstein, is a citizen of Florida.
3. Defendant Edward Lawrence Krassenstein is a citizen of Florida.
4. Defendant E&B Advertising Inc. is a Florida Corporation with its principal place of business in Fort Meyers, Florida.
5. Defendant Forum Advertising LLC is a Florida LLC with its principal place of business in Fort Meyers Florida. Forum has Two members: Brian Mark Krassenstein and Edward Lawrence Krassenstein establishing defendant Forum Advertising LLC citizenship of Florida. **EXHIBIT A 3-pages**

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1337; 28 U.S.C. § 1332(a)(1), in that plaintiff and defendants are citizens of different states and the matter in dispute exceeds to sum or value of $75,000, exclusive of interest or costs.
7. Personal jurisdiction over the defendants is proper in this District. Defendants have continuous and systemic contacts with the Southern District of Texas and have been and are conducting and doing business within the district.

## BACKGROUND

8. Plaintiff is a private citizen who is a citizen of the state of Texas and is a disabled 62-year-old.
9. Plaintiff did in 2008 make allegations in the US Presidential election regarding then candidate Barack Obama which resulted in massive amount of false and libelous claims and statements to be published online by individuals as well as some media outlets directed toward discrediting plaintiffs' statements.
10. Plaintiff has over the past 15 plus years privately secured multiple FOIA requests documents and investigations documenting the falsification of official government records as well as continuous harassment.
11. Plaintiff was contacted in July 2023 by representatives for Journalists Tucker Carlson asking if plaintiff would agree to an interview regarding the 2008 attacks and how plaintiff was affected by the attacks.
12. Plaintiff agreed to the interview request with full expectation that once the interview aired, it would result in a flood of republication of a great amount of the libelous false statements and claims previously published by others.
13. Plaintiff had already known that the false libelous claims and statements previously published had been shown to be untrue since 2012 and had prepared to address any renewed publication of libel by simply contacting those publishing it asking them to retract, admit they published information they took from google search without verifying its truthfulness and apologize for doing so.

14. Plaintiff additionally provided documentation demonstrating the truth vs the libel.

15. On August 30, 2023, Tucker Carlson appeared on an online Podcast of Adam Carolla where Carlson discusses media and the press dependence on government and how it affects what and how media reports stories.

16. In the appearance on Carolla's podcast Carlson referenced how the media reacted to Plaintiff in 2008 and mentioned specifically how one reporter published material and claims about plaintiff solely to try and discredit plaintiff. Carlson stated he had interviewed the plaintiff.

17. As expected by plaintiff Carlson's August 30, 2023 statements in online podcast began to open the damn of republication of libelous claims and statements both by legacy media outlets like the Daily Mail UK as well as by individuals claiming to be Journalists using social media platforms such as X (Formerly known as Twitter), Substack, YouTube et al. where they generate income via subscriptions, advertising revenue sharing and direct tips/donations from followers and subscribers.

18. On September 5, 2023, Journalist Tucker Carlson released a one minute four second promotional clip of his interview with plaintiff on X (formerly known as Twitter) which reached more than 76 million viewers. Upon the release of that promo clip defendants Brian Krassenstein and Edward Krassenstein began publishing on X in response to said clip libelous, false claims and statements about plaintiff which they obtained by simply Googling plaintiff's name.

19. On September 6, 2023, Tucker Carlson aired the entire video interview with plaintiff on X (formerly known as Twitter) at 6PM Eastern Time.

20. Defendants Brian Krassenstein and Edward Krassenstein upon the airing on September 6, 2023, of full interview began publishing more libel false claims and statements about plaintiff.

21. Plaintiff immediately responded to both defendants informing them their posts were libelous, false and that their republishing someone else's libel did not make them immune from legal action. Plaintiff specifically requested both plaintiffs retract the published statements, admit they published other people's libel without first verifying its truthfulness and apologize.

22. Both defendants Brian and Edward Krassenstein refused and even tried to use their publication of libel to pressure plaintiff into appearing on their online an X platform programs so they could profit from the trending interest in the interview by benefit of the number of listeners they could draw.

23. Plaintiff gave defendants multiple opportunities to retract their repeated libel and false claims and apologize and resolve this issue without having to engage in litigation. Defendant Edward Krassenstein chose to simply ignore plaintiffs repeated requests and offers while defendant Brain Krassenstein chose to inform plaintiff on September 18, 2023, via a direct message on X at 5:12am:

    a. *"Even better come on my show and we can discuss. I posted what was in the public realm for 15 years which you made no*

5

*effort to have removed in the past as far as I'm aware but I'll be happy to take a look and remove anything I find to be inaccurate."*

24. Despite Defendant Brian Krassenstein message on September 18, 2023, defendant had already been provided documentation his published claims were false and had he bothered to research he would have found they had been proven false for more than 10 years before he published them.

25. On September 25, 2023, at 6:29PM Defendant Brian Krassenstein published in a comment to plaintiff on X (formerly known as Twitter) the following statement:

   a. *You can just fast forward your timer. I'm not giving into you attempt to get $750k from me for posting material that has been online about you since 2008. I would love for you to stop defaming me though and doxxing my private information. I will actually contact a real attorney if it continues, and not just try to extort money off of you via email. Nice try though.*

26. Defendant Edward Krassenstein has been exposed via and undercover video recording of him admitting that defendant and defendant Brian Krassenstein are paid to "sew division" as part of "the resistance" and use their X (formerly known as Twitter) presence and their businesses which are listed herein as defendants E&B Advertising Inc and Forum Advertising LLC to publish and distribute content based on its clients requests in directing of political or social narratives.

27. Defendants Brian Krassenstein, Edward Krassenstein, E&B Advertising Inc, and Forum Advertising LLC repeatedly published false, knowingly untrue claims and statements represented as "facts" and "Proven facts" alleging plaintiff:

   a. Has a 27-year criminal history

   b. Has a history of convictions for fraud

   c. Failed two polygraph/lie detector tests.

   d. Has a history of making false statements

   e. Has a 27-year proven history of deception.

## COUNT I
### (Libel/Libel Per Se)

28. The foregoing allegations of the complaint are incorporated herein by reference.

29. In or about September 2023 the defendants published the libelous defamatory statements on X (formerly known as Twitter)

30. The libelous defamatory statements referred to plaintiff by name or were published where they were clearly referring directly to plaintiff, were made of and concerning him, and were so understood by those reading the libelous defamatory statements.

31. The libelous defamatory statements are false and misleading as they refer to Plaintiff Sinclair.

32. The libelous defamatory statements were made and published by defendants with knowledge of their falsity and with reckless and total disregard for their truth.

33. Given the readily available documented truth the defendants libelous defamatory statements were so excessive, intemperate, unreasonable and abusive as to preclude any conclusion other than the defendants were actuated by actual malice.

34. The defamatory statements are libelous on their face, in that they expose Sinclair to hatred, contempt, ridicule and obloquy because they published states that *inter alia* Sinclair has a 27-year criminal history, history of convictions for fraud, 27 year history of deception proven, failed two polygraph tests etc.

35. The defamatory libelous statements have been made in a specific forum and are available to be read, seen, shared and redistributed by the public including without limitation citizens of the Southern District of Texas.

36. The defamatory libelous statements were not privileged and were published by the defendants with malice, hatred, contempt and ill will toward Sinclair with the desire to cause him economic, emotional, physical, injury including loss of financial support toward needed medical treatment.

37. As a direct and proximate result of the foregoing, Sinclair has suffered loss of reputation, extreme emotional duress, shame, interference with obtaining necessary medical treatment, physical injury, obloquy and loss of opportunities in an amount to proven at trial in excess of $15,000.000.00

169   38. Because of defendants' intentional malice in publishing the defamatory and
170       libelous statements, Sinclair is entitled to an award punitive and exemplary
171       damages.

## COUNT II
### *(False Light Invasion/Misappropriation of Privacy)*

176   39. The foregoing allegations of the complaint are incorporated herein by
177       reference.
178   40. The published defamatory libelous statements concerning Sinclair place him
179       in a false light which would be highly offensive to a reasonable person.
180   41. Defendants had knowledge of and acted in total reckless disregard for the
181       falsity of their defamatory libelous statements and the false light in which
182       Sinclair would be placed in.
183   42. Defendants have misappropriated Sinclair's' right to privacy.
185   43. As a direct and proximate result of the foregoing, Sinclair has suffered
186       damages in an amount to be proven at trial in excess of $15,000.000.00.
187   44. Because of defendants' intentional malice in publishing the defamatory and
188       libelous statements, Sinclair is entitled to an award punitive and exemplary
189       damages.

## COUNT III
### (Tortious Interference)

194   45. The foregoing allegations of the complaint are incorporated herein by
195       reference.

46. At all relevant time Sinclair had an active Go Fund Me fundraising campaign in effect which was established in July 2023 for the purpose of raising funds to pay for needed medical treatment (specifically) surgery on his hands and arms due to years of nerve and disc damage, to prevent Sinclair total loss of use of both hands and arms.

47. Defendants had knowledge of such relationship, campaign or expectancy.

48. Defendants intentionally interfered with said relationship by publishing of their defamatory and libelous statements.

49. As a direct and proximate result of the foregoing, Sinclair has suffered damages in an amount to be proven at trial in excess of $15,000.000.00.

50. Further, Defendants' tortious interference was with intent to injure and harm Sinclair so as to constitute oppression, fraud and malice justifying an award of exemplary and punitive damages in an amount to be determined at trial.

## COUNT IV
### *(Civil Conspiracy)*

51. The foregoing allegations of the complaint are incorporated herein by reference.

52. Defendants have combined and conspired for an unlawful purpose, i.e., defamation, libel and tortious interference with intent to injure plaintiff.

53. Defendants have done one or more overt acts in furtherance of their conspiracy.

DIVISION OF CORPORATIONS

EXHIBIT A



Division of CORPORATIONS
*an official State of Florida website*

Department of State / Division of Corporations / Search Records / Search by Entity Name /

# Detail by Entity Name

Florida Limited Liability Company
FORUM ADVERTISING LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L14000003100 |
| **FEI/EIN Number** | 46-4513869 |
| **Date Filed** | 01/07/2014 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

15128 Anchorage Way
Fort Myers, FL 33908

Changed: 03/02/2016

**Mailing Address**

15128 Anchorage Way
Fort Myers, FL 33908

Changed: 03/02/2016

**Registered Agent Name & Address**

KRASSENSTEIN, BRIAN
15128 Anchorage Way
Fort Myers, FL 33908

Address Changed: 03/02/2016

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

KRASSENSTEIN, BRIAN
15128 Anchorage Way
Fort Myers, FL 33908

Title MGR

KRASSENSTEIN, EDWARD
15231 INTRACOASTAL CT
FORT MYERS, FL 33908

### Annual Reports

| Report Year | Filed Date |
|---|---|
| 2021 | 04/05/2021 |
| 2022 | 04/12/2022 |
| 2023 | 04/08/2023 |

### Document Images

| | |
|---|---|
| 04/08/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/12/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/05/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/18/2020 -- ANNUAL REPORT | View image in PDF format |
| 05/19/2019 -- ANNUAL REPORT | View image in PDF format |
| 03/26/2018 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/02/2016 -- ANNUAL REPORT | View image in PDF format |
| 01/10/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/07/2014 -- Florida Limited Liability | View image in PDF format |

## 2023 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L14000003100

Entity Name: FORUM ADVERTISING LLC

**Current Principal Place of Business:**

15128 ANCHORAGE WAY
FORT MYERS, FL 33908

**Current Mailing Address:**

15128 ANCHORAGE WAY
FORT MYERS, FL 33908 US

**FEI Number: 46-4513869**

**Name and Address of Current Registered Agent:**

KRASSENSTEIN, BRIAN
15128 ANCHORAGE WAY
FORT MYERS, FL 33908 US

**FILED**
**Apr 08, 2023**
**Secretary of State**
**9292764327CC**

**Certificate of Status Desired:** No

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                                              Date

**Authorized Person(s) Detail :**

| Title | MGR | Title | MGR |
|---|---|---|---|
| Name | KRASSENSTEIN, BRIAN | Name | KRASSENSTEIN, EDWARD |
| Address | 15128 ANCHORAGE WAY | Address | 4921 SW 25TH PLACE |
| City-State-Zip: | FORT MYERS FL 33908 | City-State-Zip: | CAPE CORAL FL 33914 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

SIGNATURE: EDWARD KRASSENSTEIN                                  MGR                                  04/08/2023

Electronic Signature of Signing Authorized Person(s) Detail                                                              Date