Case 5:23-cv-00109 Document 12 Filed on 12/06/23 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE W. SINCLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-109 |
| | § | |
| BRIAN M. KRASSENSTEIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Ex Parte Motion for Order Directing US Marshal Service to Effect Service of Summons. (Dkt. No. 11).

This case involves a dispute over statements made on an online platform regarding Plaintiff. On October 3, 2023, Plaintiff filed a complaint, together with an application to proceed *in forma pauperis* (IFP). (Dkt. Nos. 1, 2). The Court granted the Plaintiff's IFP application on October 19, 2023, allowing Plaintiff to proceed without paying the filling fee. (Dkt. No. 4). Subsequently, Plaintiff filed his First Amended Complaint. (Dkt. No. 5). On October 24, 2023, Plaintiff mailed a copy of the issued summons, complaint, and a request for waiver of service of summons to Defendants. (*Id.* at 1-2). Plaintiff did not receive the signed waiver of service of summons from the Defendants within the 30-day period provided in Fed. R. Civ. P 4(d)(1)(F).[1] Now, Plaintiff moves the Court to order service of process by the United States Marshals Service. (Dkt. No. 11).

When, as here, a court grants a plaintiff IFP status, the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d) require the court to effectuate service of process upon request by a plaintiff. Federal Rule of Civil Procedure 4(c)(3) provides:

> **At the plaintiff's request**, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. **The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28. U.S.C. § 1915** or as a seaman under 28 U.S. § 1916.

---

[1] Federal Rule of Civil Procedure 4(d)(1)(F) provides that the defendant should be given "a reasonable time of at least 30 days" to return the waiver.

1

FED. R. CIV. P. 4(c)(3) (emphasis added).

The Fifth Circuit has interpreted this rule as requiring courts to initiate service of process immediately upon an IFP plaintiff's request. *See Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 45-46 (5th Cir. 1996) (holding that the district court failed to follow Rule 4(c)(3) because it did not order service of process once requested by the plaintiff who had been granted IFP status). Once the IFP plaintiff has taken reasonable steps to identify the defendant(s), the court is obligated to issue plaintiff's process to a Unite States Marshal, who must in turn effectuate service upon the defendants. *Id.* at 446.

Accordingly, because Plaintiff has been granted IFP status, has identified the Defendants, and has requested that the Court direct service of process, the Court **GRANTS** Plaintiff's Ex Parte Motion for Order Directing US Marshal Service to Effect Service of Summons, (Dkt. No. 11). The Court **DIRECTS** the Clerk of Court to 1) issue summons for Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising Inc., and Forum Advertising LLC, and 2) provide the U.S. Marshals Service the following documents:

1) Summons;
2) Plaintiff's Original Complaint (Dkt. No. 1);
3) Plaintiff's Amended Complaint (Dkt. No. 5); and
4) This Order.

The Court further **DIRECTS** the U.S. Marshals Service to serve Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising Inc., and Forum Advertising LLC, with the documents listed above.

It is so **ORDERED**.

**SIGNED** on December 6, 2023.

*John A. Kazen*
John A. Kazen
United States Magistrate Judge