IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR,<br>    *Plaintiff,*<br><br>v.<br><br>BRIAN MARK KRASSENSTEIN,<br>EDWARD LAWRENCE KRASSENSTEIN,<br>E&B ADVERTISING, INC., AND<br>FORUM ADVERTISING LLC,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-109 |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) FEDERAL RULES OF CIVIL PROCEDURE, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC ask this Court to dismiss Plaintiff Lawrence (Larry) W. Sinclair's action against them for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). There is no diversity of citizenship between Sinclair, a U.S. citizen who resides in Mexico, and these Defendants, who are domiciled in Florida.

In the alternative, Defendants ask this Court to transfer venue of this case to the United States Court for the Middle District of Florida, Fort Myers Division for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).

## Stage of the Proceedings

Plaintiff filed his complaint on October 3, 2023, asserting diversity of citizenship pursuant to 28 U.S.C. § 1332; Plaintiff is proceeding *in forma pauperis;* and Plaintiff had Defendants served on January 9, 2024. Docs. No. 1-12. Defendants

have not yet answered, and Defendants concurrently file this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a second motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and in the alternative, Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a).

## Disclosure Statement

1. Pursuant to Fed. R. Civ. P. 7.1(b), Defendants state that they are all U.S. citizens and/or businesses domiciled in Fort Myers and Cape Coral in the State of Florida.

2. Plaintiff Lawrence (Larry) W. Sinclair is a U.S. citizen domiciled at Chilpancingo, Mitras Nte., 64320, Monterrey, Nuevo Leon, Mexico, as evidenced by his e-mail signature in late September 2023:

> Lawrence (Larry) W. Sinclair
> Chilpancingo, Mitras Nte., 64320
> Monterrey, N.L., Mexico
> lsnewsgroup@gmail.com
> lws092661@gmail.com"

See Exhibit A (005,007, 013, 015) attached hereto.

3. In his Complaint, filed on October 3, 2023, Plaintiff provided a "c/o" address in Laredo, Texas, for 1520 Sherman Street, Laredo, Texas 78040:

> LAWRENCE (LARRY) W. SINCLAIR
>
> c/o 1520 Sherman Street
>
> Laredo, Texas 78040
>
> Plaintiff, Pro Se

Doc. No. 1 at 1. Plaintiff also referred to 1520 Sherman Street, Laredo, Texas, as his "mailing address." Doc. No. 1 at 12.

4. According to Webb County Appraisal District records, 1520 Sherman Street in Laredo, Texas, is a non-homesite with non-homesite improvements on the property including a commercial warehouse, cold storage facility, office, and concrete parking lot. https://www.webbcad.org/property-detail/165320/2023 .[1] According to an internet search, 1520 Sherman Street in Laredo, Texas, is the site of Champion Fine Meats. https://www.google.com/maps/place/1520+Sherman+St,+Laredo,+TX+78040/@27.5285272,-99.5107555,17z/data=!3m1!4b1!4m6!3m5!1s0x866121a2a6dd27ad:0xc7f3df75b1d165eb!8m2!3d27.5285272!4d-99.5107555!16s%2Fg%2F11bw49_jv4?entry=ttu

---

[1] Defendants provide hyperlinks to the original pages for the Webb County Appraisal District as the best evidence, and so that this Court and Plaintiff can be certain that Defendants are not providing this Court with an altered or edited government records. Fed. R. Evid. 1002.

5. Defendants ask this Court to take judicial notice of these facts pursuant to Fed. R. Evid. 201(b)(2), 201(c)(2), 803(8), 1002. *See Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996) (courts may consider evidence outside the pleadings in making a jurisdictional determination).

## Statement of the Legal Issue and Standard of Review

1. **Lack of subject matter jurisdiction**

Plaintiff has the burden to establish jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).

Fed. R. Civ. P. 12(b)(1) provides for a dismissal of an action for lack of subject matter jurisdiction. Defendants challenge the sufficiency of Plaintiff's complaint to establish diversity of citizenship on its face (a facial attack); however, if this Court deems Plaintiff's pleading to be sufficient on its face, Defendants further challenge the lack of any factual support for diversity of citizenship (a factual attack). *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

For a facial attack, this Court accepts Plaintiff's allegations as true. *Id.* For a factual attack, this Court considers evidence outside the pleadings to resolve the issue of jurisdiction. *See id. See also* Exhibit A (001-017). Defendants challenge jurisdiction both facially and factually, as discussed below.

Plaintiff has failed to establish subject matter jurisdiction. Defendants ask this Court to dismiss Plaintiff's case.

## Summary of Argument

This Court lacks jurisdiction to hear Plaintiff's claims.

An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, *i.e.* domiciled, in a particular state of the United States. *Coury,* 85 F.3d at 248. Defendants ask this Court to follow long-standing precedent and dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction.

If this Court denies Defendants' motion to dismiss, Defendants ask this Court to transfer this case to the United States Court for the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. § 1404(a).

## Argument

### I. This Court Lacks Subject Matter Jurisdiction Because There Is No Diversity of Citizenship

28 U.S.C. § 1332(a)(1) confers original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is not a citizen of Texas under Federal common law.

"[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state. Federal common law, not the law of any state, determines whether a person is a citizen of a particular state for purposes of diversity jurisdiction." *Coury,* 85 F.3d at 248 (quoting 1 J. Moore, Moore's Federal Practice, § 0.74[1] (1996); *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.) *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974)).

### A. Plaintiff's complaint fails to establish domicile in Texas on its face

Plaintiff asserts that he is a citizen of Texas. Doc. No. 1 at 2. However, Plaintiff does not claim the Texas address he provided in the complaint as his domicile, but instead presents it as a mailing address where he may be reached "c/o." Doc. No. 1 at 1, 12. On its face, accepting all of Plaintiff's allegations as true, the complaint does not establish Plaintiff's domicile in Texas, only that he may receive mail sent to someone else's address in Texas because it will be held for him to collect when he travels to that address or it will be forwarded on to his actual domicile.[2] This Court lacks jurisdiction.

### B. Easily verifiable evidence establishes that Plaintiff is not domiciled in Texas for purposes of diversity jurisdiction

Further, Plaintiff has the burden of proof on his domicile at the time he filed suit because there is a presumption against jurisdiction. *Coury*, 85 F.3d at 248 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)). Plaintiff cannot meet his burden, because he is not domiciled in Texas but is instead domiciled in Mexico. *See Coury,* 85 F.3d at 249 (courts may consider evidence outside the pleadings in making a jurisdictional determination); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

---

[2] The Brittanica Dictionary explains that "c/o" is an abbreviation for "care of." "This abbreviation is used in addresses when you are sending a letter or package to a person by using *someone else's address or the address of a company."* https://www.britannica.com/dictionary/c%2Fo (emphasis added). "Mailing address," which Plaintiff designates as 1520 Sherman Street, Laredo, Texas, on page 12 of the complaint, is defined as "an address to which mail can be sent" ("His *mailing address* [=*postal address*] is different from his home address.") https://www.britannica.com/dictionary/mailing-address (emphasis in original).

Plaintiff has confirmed his domicile in Mexico on multiple occasions, including: (1) Plaintiff's e-mail signature included with the correspondence he sent to Defendants Brian and Ed Krassenstein in September 2023 (Exhibit A, 005, 007, 013, 015), (2) in social media (Exhibit A, 009, 017), and (3) Tucker Carlson's representations and Plaintiff's tacit acknowledgement that "Larry Sinclair is still alive. He lives in Mexico," during Plaintiff's recorded interview on The Tucker Carlson Encounter on September 6, 2023 (around the 2:50-:52 mark). https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/.[3] *See* Doc. No. 1, page 5, ¶19. Defendants ask this Court to take judicial notice of these undisputed facts (that Plaintiff's e-mail signature and interview indicate domicile in Mexico as of September 2023) pursuant to Fed. R. Evid. 201(b)(2), 201(c)(2), and 1002. *See Coury,* 85 F.3d at 249 (courts may consider evidence outside the pleadings in making a jurisdictional determination).

Even if this Court rejects the evidence that Plaintiff lives in Mexico or lived in Mexico at the time he filed suit, a person's domicile persists until a new one is acquired or it is clearly abandoned. *Coury,* 85 F.3d at 250. A change in domicile typically requires the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Id*. "To be a citizen of a specific state, such as Texas, an individual 'must both be a citizen of the United States *and* be domiciled within the state' at the time the lawsuit was filed." *Estevis v. Werner*

---

[3] Defendants provide the hyperlink to Plaintiff's interview with Tucker Carlson because it is the original source, unedited, so that this Court and Plaintiff can be confident that Defendants have not inadvertently altered its content in transcription. Fed. R. Evid. 1002.

*Enterprises, Inc.,* No. CV L-08-102, 2009 WL 10714622, at *3 (S.D. Tex. Mar. 2, 2009) (emphasis in original).

The evidence does not support Plaintiff's physical presence at 1520 Sherman Street, Laredo, Texas, or an intention to remain there indefinitely on October 3, 2023, the date he filed his complaint. The evidence includes:

(1) Plaintiff's "c/o" or "mailing" address in the complaint is a commercial property containing a commercial warehouse, cold storage facility, office, and concrete parking lot (https://www.webbcad.org/property-detail/165320/2023) , [4]

(2) 1520 Sherman Street in Laredo, Texas, is the site of Champion Fine Meats. https://www.google.com/maps/place/1520+Sherman+St,+Laredo,+TX+78040/@27.5285272,-99.5107555,17z/data=!3m1!4b1!4m6!3m5!1s0x866121a2a6dd27ad:0xc7f3df75b1d165eb!8m2!3d27.5285272!4d-99.5107555!16s%2Fg%2F11bw49_jv4?entry=ttu,

(3) Plaintiff does not own any personal property, furniture, fixtures, equipment, or inventory located at 1520 Sherman Street, Laredo, Texas, but Champion Fine Meats does. https://www.webbcad.org/property-detail/183844/2023,

(4) Plaintiff does not pay taxes on the real or personal property located at 1520 Sherman Street, Laredo, Texas, but others do. https://www.webbcad.org/property-detail/165320/2023; https://www.webbcad.org/property-detail/183844/2023; and

---

[4] *See* n.1, above. Fed. R. Evid. 1002.

DEFENDANTS' 12(B)(1) MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER VENUE  PAGE 8

(5) 1520 Sherman Street, Laredo, Texas, is not a residence where Plaintiff maintains a home for his family or receives his mail directly. (Doc. No. 1 at 1, 12).

*See Coury,* 85 F.3d at 251 ("In determining a litigant's domicile, the court must address a variety of factors. … The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.").

Again, Defendants ask this Court to take judicial notice of these facts pursuant to Fed. R. Evid. 201(b)(2), 201(c)(2), 803(8) and 1002; *see also Coury,* 85 F.3d at 249. Defendants also ask this Court to order Plaintiff to respond with evidence to prove that subject matter jurisdiction exists by a preponderance of the evidence. *Paterson*, 644 F.2d at 523. Lacking any such evidence, this Court lacks diversity jurisdiction. Defendants ask this Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1).

## Conclusion

This Court lacks subject matter jurisdiction because there is no diversity of citizenship. Defendants ask this Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, Defendants ask this Court to transfer venue to the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. § 1404(a).

DATED THIS 29th DAY OF JANUARY, 2024.

*/s/ Charles A. Bennett*
Charles A. Bennett
SDTX Fed. No.: 3871033
CHARLES BENNETT LAW, PLLC
12770 Coit Rd. Ste. 720
Dallas, TX 75251
cbennett@bennettlegal.com
Tel: (972) 972-4969
Fax: (469) 754-0088
ATTORNEY FOR DEFENDANTS

## Certificate of Service

I hereby certify that on the 30th day of January, 2024, I electronically filed this Motion to Dismiss Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

> Lawrence (Larry) W. Sinclair
> Plaintiff, Pro Se
>
> Mailing Address
> c/o 1520 Sherman Street
> Laredo, Texas 78040
> E-mail: lsnewsgroup@gmail.com

*/s/ Charles A. Bennett*