IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR, | § | |
|    *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-109 |
| | § | |
| BRIAN MARK KRASSENSTEIN, | § | |
| EDWARD LAWRENCE KRASSENSTEIN, | § | |
| E&B ADVERTISING, INC., AND | § | |
| FORUM ADVERTISING LLC, | § | |
|    *Defendants.* | § | |

---

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC ask this Court to dismiss Plaintiff Lawrence (Larry) W. Sinclair's action against them pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim on which relief may be granted.

In the alternative, Defendants ask this Court to transfer venue of this case to the United States Court for the Middle District of Florida, Fort Myers Division for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).

## Table of Contents

Index of Authorities ................................................................................................ 4

Statement of the Nature and Stage of the Proceedings ................................. 6

Legal Issue and Standard of Review ............................................................... 6

Summary of the Argument ................................................................................ 7

Statement Regarding Evidence ....................................................................... 8

The Specific Allegations at Issue in this Case .............................................. 9

Argument ............................................................................................................. 9

I.   This Court Should Dismiss this Case Because Plaintiff Has Failed to State a
     Claim Upon Which Relief Can Be Granted .............................................. 9

  A.   Plaintiff's complaint does not state a claim for libel/libel per se for  which
       relief can be granted under Texas law .............................................. 10

    1.   Defendants' statements were not defamatory concerning Plaintiff ........... 11
         a. Plaintiff's complaint indicates that Plaintiff is a libel-proof plaintiff ..... 11
         b. Defendants' statements were true ........................................................ 13

    2.   Defendants did not act with malice or negligence regarding the truth of
         their statements about Plaintiff ......................................................... 14
         a. Plaintiff's complaint establishes that Plaintiff was a limited-purpose
         public figure ........................................................................................ 14
         b. Plaintiff's complaint provides no more than conclusory statements that
         Defendants acted with actual malice ...................................................... 17
         c. Defendants did not act negligently regarding the truth of the
         statements ............................................................................................ 18

  B.   Plaintiff's complaint does not state claims for false light
       invasion/misappropriation of privacy for which relief can be granted
       under Texas law ................................................................................ 19

  C.   Plaintiff's complaint does not state a claim for tortious interference
       on which relief may be granted under Texas law .............................. 20

  D.   Plaintiff's complaint does not state a claim for civil conspiracy on which
       relief may be granted under Texas law .............................................. 21

Conclusion ....................................................................................................... 22

Certificate of Service..................................................................................................24

Appendix

001-5: <u>Exhibit 1</u> — Anna Lynn Winfrey, Convicted Con Man Whose Salacious Obama Allegations Recently Resurfaced Has Ties to Pueblo, Pueblo Chieftain (September 8, 2023), https://www.chieftain.com/story/news/politics/2023/09/08/how-a-con-man-who-alleges-he-had-sex-with-obama-has-ties-to-pueblo/70798246007/

006:     <u>Exhibit 2</u> — Affidavits of Brian Krassenstein, Edward Krassenstein
007-8:          Exhibit 2(a) —     Affidavit of Brian Krassenstein
009-13:        Exhibit 2(b) —     E-mail correspondence with Larry Sinclair
014:            Exhibit 2(c) —     Screenshots of Larry Sinclair comments on Twitter/X
015-16:        Exhibit 2(d) —     Affidavit of Edward Krassenstein
017-21:        Exhibit 2(e) —     E-mail correspondence with Larry Sinclair
022:            Exhibit 2(f) —     Screenshots of Larry Sinclair comments on Twitter/X

# Index of Authorities

## Cases

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................... passim

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ....................................... 6, 10

*Burback v. Brock,*
   No. 22-40609, 2023 WL 4532803 (5th Cir. July 13, 2023) ....................................... 6

*Cain v. Hearst Corp.,*
   878 S.W.2d 577 (Tex. 1994) ..................................................................................... 19

*Collins v. Dep't of the Treasury,*
   83 F.4th 970 (5th Cir. 2023). ..................................................................................... 6

*Collins v. Morgan Stanley Dean Witter,*
   224 F.3d 496 (5th Cir. 2000). ................................................................................. 8, 9

*Erie R.R. Co. v. Tompkins,*
   304 U.S. 64 (1938) ..................................................................................................... 7

*Express One Intern., Inc. v. Steinbeck,*
   53 S.W.3d 895 (Tex. App.—Dallas 2001, no pet.) ................................................... 20

*Finklea v. Jacksonville Daily Progress,*
   742 S.W.2d 512 (Tex. App.—Tyler 1987, writ dism'd w.o.j.) ............................ 12, 13

*Immanuel v. Cable News Network, Inc.,*
   618 F. Supp. 3d 557 (S.D. Tex. 2022), appeal dismissed, No. 22-20455,
   2022 WL 18912180 (5th Cir. Sept. 27, 2022) .................................................. passim

*Klocke v. Watson,*
   936 F.3d 240 (5th Cir. 2019), as revised (Aug. 29, 2019) ....................................... 10

*McBride v. New Braunfels Herald-Zeitung,*
   894 S.W.2d 6  (Tex. App.—Austin 1994, writ denied) ............................................ 12

*New York Times Co. v. Sullivan,*
   376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) ................................................ 14

*Parisi v. Sinclair,*
  845 F.Supp. 2d 215 (D.D.C. 2012) ........................................................ 13, 14, 17, 19

*Suncoast Post-Tension, Ltd. v. Scoppa,*
  No. 4:13-CV-3125, 2014 WL 12596471 (S.D. Tex. May 13, 2014) ................... 10, 11

*Trotter v. Jack Anderson Enterprises, Inc.,*
  818 F.2d 431 (5th Cir. 1987) .................................................................................. 15

*WFAA-TV, Inc. v. McLemore,*
  978 S.W.2d 568 (Tex. 1998) ........................................................................... passim

*WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.,*
  989 F.3d 343 (5th Cir. 2021), as revised (Mar. 2, 2021) ............................. 20, 21, 22

*Willoughby v. U.S. ex rel. U.S. Dep't of the Army,*
  730 F.3d 476 (5th Cir. 2013) .................................................................................... 6

## Statutes

28 U.S.C. § 1332 ...................................................................................................... 6
28 U.S.C. § 1404(a) ..................................................................................... 1, 7, 22, 24
Tex. Civ. Prac. & Rem. Code 73.005 ...................................................................... 13

## Other Authorities

Anna Lynn Winfrey, Convicted Con Man Whose Salacious Obama Allegations
  Recently Resurfaced Has Ties to Pueblo, Pueblo Chieftain (September 8, 2023),
  https://www.chieftain.com/story/news/politics/2023/09/08/how-a-con-man-who-
  alleges-he-had-sex-with-obama-has-ties-to-pueblo/70798246007/ ..... 8, 9, 13, 17, 18

Lawrence (Larry) W. Sinclair interview, The Tucker Carlson Encounter (September
  6, 2023), https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/ .
  .................................................................................................................. passim

## Rules

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 6, 7
Fed. R. Civ. P. 12(b)(6) ............................................................................... passim
Fed. R. Evid. 1002 ........................................................................................ passim
Fed. R. Evid. 201(b)(2) ................................................................................. passim
Fed. R. Evid. 201(c)(2) ................................................................................. passim
Fed. R. Evid. 801(c) ...................................................................................... passim
Fed. R. Evid. 801(d)(2)(A) ............................................................................ passim
Fed. R. Evid. 807 ....................................................................................... 13, 17, 19

## Statement of the Nature and Stage of the Proceedings

Plaintiff has sued Defendants under 28 U.S.C. § 1332, asserting claims for libel/libel per se, false light invasion/misappropriation of privacy, tortious interference, and civil conspiracy. Doc. No. 1 at 7-11.

Defendants have separately filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. If this Court grants Defendants' Rule 12(b)(1) motion, then this Court need not address this motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Willoughby v. U.S. ex rel. U.S. Dep't of the Army,* 730 F.3d 476, 479 (5th Cir. 2013).

## Legal Issue and Standard of Review

### Failure to state a claim upon which relief can be granted

A plaintiff's complaint must present enough facts to state a plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facts that only conceivably give rise to relief do not suffice. *Collins v. Dep't of the Treasury,* 83 F.4th 970, 978–79 (5th Cir. 2023). Likewise, conclusory statements or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Burback v. Brock*, No. 22-40609, 2023 WL 4532803, at *3 (5th Cir. July 13, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Twombly*, 550 U.S. at 557). In summary, courts do not accept "[t]hreadbare recitals of the elements of a cause of action" when reviewing whether

the complaint presents a plausible claim to relief. *Iqbal*, 556 U.S. at 678. Under Texas state law, Plaintiff cannot prevail on his claims as pleaded.

Plaintiff has failed to establish subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted. Defendants ask this Court to dismiss Plaintiff's case.

## Summary of the Argument

Respectfully, this Court lacks subject matter jurisdiction to hear Plaintiff's claims, but even if this Court had diversity jurisdiction, Plaintiff has failed to state a claim upon which relief may be granted.

Federal courts sitting in diversity are bound to follow state substantive law and federal procedural law such that Texas state law applies to Plaintiff's claims for libel/libel per se, false light invasion/misappropriation of privacy, tortious interference, and civil conspiracy. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 92 (1938). Plaintiff's complaint fails to state a claim upon which relief may be granted under Texas law.

Defendants ask this Court to follow long-standing precedent and dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction, or in the alternative, to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted under Texas state law. If this Court denies Defendants' motions to dismiss, Defendants ask this Court to transfer this case to the United States Court for the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. § 1404(a).

## Statement Regarding Evidence

Defendants acknowledge that this Court must limit itself to the contents of the pleadings and not extrinsic evidence *unless they are referred to in the plaintiff's complaint and are central to his claim. Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (emphasis added); *Immanuel v. Cable News Network, Inc.,* 618 F. Supp. 3d 557, 562–63 (S.D. Tex. 2022), appeal dismissed, No. 22-20455, 2022 WL 18912180 (5th Cir. Sept. 27, 2022) (copies of plaintiff's speech that led to tweets by then-President Trump, which in turn led to news coverage, were relevant documents to plaintiff's defamation claim against the news network).

Accordingly, because Plaintiff refers to and heavily relies upon the following extrinsic evidence in his complaint, Defendants refer to the following extrinsic evidence in this Rule 12(b)(6) motion to dismiss and attach physical copies or hyper-links where appropriate for this Court's convenience:

- Plaintiff's allegations made in 2008, media responses to Plaintiff's allegations in 2008 and in the following 15 years (Doc. No. 1 at 3, ¶¶9-10, 12) (Exhibit 1, 001-5)

- Plaintiff's interview with Tucker Carlson (Doc. No 1 at 3-5, ¶¶11, 16, 18, 19)[1]

---

[1] Defendants have provided a hyperlink to the interview, rather than a transcript, as the best evidence, and so that this Court and Plaintiff can be confident that Defendants have not inadvertently altered the contents of the interview. Fed. R. Evid. 1002.

- Media reports after August 30, 2023, that were part of the "damn of republication" of earlier allegations (Doc. No. 1 at 4, ¶17) (Exhibit 1, 001-5).

### The Specific Allegations at Issue in this Case

Plaintiff complains of five allegations made by Defendants:

a.  That Plaintiff has a 27-year criminal history

b.  That Plaintiff has a history of convictions for fraud

c.  That Plaintiff failed two polygraph/lie detector tests

d.  That Plaintiff has a history of making false statements

e.  That Plaintiff has a 27-year proven history of deception.

Doc. No. 1, page 7, ¶27.

### Argument

### I.  This Court Should Dismiss this Case Because Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted

Defendants acknowledge that under Fed. R. Civ. P. 12(b)(6), this Court must accept Plaintiff's allegations as true, view them in the light most favorable to him, and draw all factual inferences in his favor. *Collins,* 224 F.3d at 498. However, "a claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. This plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Suncoast Post-Tension, Ltd. v. Scoppa,* No. 4:13-CV-3125, 2014 WL 12596471, at *3 (S.D. Tex. May 13, 2014) (cleaned up) (quoting *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 557).

Under Texas law, Plaintiff cannot recover on his claims for libel/libel per se, false light invasion/misappropriation of privacy, tortious interference, and civil conspiracy purportedly resulting from the above statements, because his complaint consists of nothing more than suggestions of the mere possibility of misconduct. Doc. No. 1, pages 7-11. Defendants ask this Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

## A.   Plaintiff's complaint does not state a claim for libel/libel per se for which relief can be granted under Texas law

Under Texas law, to maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998).[2]

Defendants do not deny that they published some statements concerning Plaintiff. However, Defendants deny that the statements they made were defamatory

---

[2] Defendants acknowledge that the Texas Citizens Participation Act, which they would otherwise assert as a defense in this defamation case, does not apply to a diversity case in federal court. *Klocke v. Watson,* 936 F.3d 240, 245 (5th Cir. 2019), as revised (Aug. 29, 2019).

concerning Plaintiff or that they acted with actual malice or negligence regarding the truth of the statements. Exhibit 2 (Affidavits of Defendants Brian Krassenstein and Edward Krassenstein, Exhibits 007-8, 015-16). More importantly, Plaintiff's claims to the contrary are not more than "[t]hreadbare recitals of the elements of a cause of action" for libel. *Iqbal*, 556 U.S. at 678.

### 1. Defendants' statements were not defamatory concerning Plaintiff

### a. Plaintiff's complaint indicates that Plaintiff is a libel-proof plaintiff

Plaintiff referred to an interview with Tucker Carlson in his complaint. Doc. No. 1, page 5, ¶19. During that interview, Plaintiff asserted that in 1990, he had sex with a stranger in a limousine whom he later identified as Barack Obama, gave that stranger money to purchase drugs, including cocaine and crack, and used the drugs with that stranger. https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/ . Fed. R. Evid. 201(b)(2), 201(c)(2),[3] 801(c), and 1002. (Defendants are not offering Plaintiff's statements to prove the truth of matters asserted in Plaintiff's statements). *See also Immanuel,* 618 F. Supp. 3d at 562–63. Plaintiff's complaint establishes that Plaintiff made the same statements publicly in 2008, and those statements received a great deal of media attention. Doc. No. 1 at 3, ¶9.

To justify applying the libel-proof plaintiff doctrine, the evidence must show not only that the plaintiff engaged in criminal or anti-social behavior in the past, but

---

[3] When ruling on a 12(b)(6) motion, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Scoppa,* No. 4:13-CV-3125, 2014 WL 12596471, at *3.

also that his activities were widely reported to the public. *McBride v. New Braunfels Herald-Zeitung*, 894 S.W.2d 6, 10 (Tex. App.—Austin 1994, writ denied). Plaintiff's complaint confirms the latter element. Doc. No. 1 at 3, ¶¶9, 10, 12.

Further, Plaintiff's own statements in 2008 and in the 2023 interview with Tucker Carlson expressly describe (1) exchanging money with a stranger to purchase drugs, (2) using drugs, and (3) engaging in sexual activity with the stranger for whom Plaintiff bought and shared the drugs. Doc. No. 1 at 3, ¶9; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/ (around the 5:30-5:45 and 7:40-8:20 mark). Fed. R. Evid. 201(b)(2), 201(c)(2), 801(c), and 1002. (Defendants are not offering Plaintiff's statements to prove the truth of matters asserted in Plaintiff's statements). *See also Immanuel,* 618 F. Supp. 3d at 562–63. Plaintiff himself admitted to a broad audience that he had a criminal history, though he limited it from 1980-1986, and stated "I've never hidden my past," when referring to the detailed description of his arrests and time served that he presented to the National Press Club in 2008. https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/ (around the 36:00-36:06 mark). Fed. R. Evid. 201(b)(2), 201(c)(2), 801(d)(2)(A), and 1002. *See also Immanuel,* 618 F. Supp. 3d at 562–63.

By contrast, Defendants' assertions that Plaintiff has engaged in deception, has been convicted for fraud, or has a criminal history are substantially less disparaging or damaging to his reputation. *See Finklea v. Jacksonville Daily Progress,* 742 S.W.2d 512, 516–17 (Tex. App.—Tyler 1987, writ dism'd w.o.j.). As a

matter of law, Plaintiff's reputation cannot have suffered from the publication of Defendants' statements. *Finklea,* 742 S.W.2d at 517.

### b. Defendants' statements were true

Truth is a defense to libel. Tex. Civ. Prac. & Rem. Code 73.005. Plaintiff's own interview, referenced in his complaint, confirms that he engaged in criminal activities at least as far back as 1980, such that Defendants' reference to a "27-year criminal history" are true. Doc. No. 1, pages 3, ¶9; 5, ¶19; 7, ¶27; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(d)(2)(A), and 1002. *See also Immanuel,* 618 F. Supp. 3d at 562–63. Further, the ongoing "harassment" and republication of "libellous claims" to which Plaintiff referred in his complaint[4] includes a newspaper report that Plaintiff has three recorded arrests in Colorado in the 1980s for charges including credit card fraud and forgery, a history of multiple disciplinary infractions while serving a 16-year prison sentence, and additional arrests in 2007 and 2008 in other states. Exhibit 1 (Exhibits 001-005);

https://www.chieftain.com/story/news/politics/2023/09/08/how-a-con-man-who-alleges-he-had-sex-with-obama-has-ties-to-pueblo/70798246007/. Fed. R. Evid. 201(b)(2), 201(c)(2), 807.

Plaintiff Sinclair was previously sued over his allegations that the failed polygraph tests were rigged in exchange for $750,000. *Parisi v. Sinclair,* 845 F.Supp.

---

[4] Doc. No. 1 at 3-4, ¶¶10, 12, 17.

2d 215, 218 (D.D.C. 2012). While the case against Mr. Sinclair was dismissed for failure to state a claim, his allegations of "rigging" confirm that Plaintiff's polygraph examination indicated deception. *Sinclair,* 845 F.Supp. 2d at 217.[5]   Finally, Plaintiff himself acknowledged his criminal history during the Tucker Carlson interview: "any sentence I've ever been given, I've served it." https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(d)(2)(A), and 1002. *See also Immanuel,* 618 F. Supp. 3d at 562–63.

## 2. Defendants did not act with malice or negligence regarding the truth of their statements about Plaintiff

If Plaintiff is a public figure, he must show that Defendants acted with actual malice regarding the truth of the statements. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). If Plaintiff is a private individual, he must show that Defendants acted negligently regarding the truth of the statements. *McLemore,* 978 S.W.2d at 571. Plaintiff cannot meet either standard, and he only made threadbare recitals to support his contentions. *Iqbal*, 556 U.S. at 678.

### a. Plaintiff's complaint establishes that Plaintiff was a limited-purpose public figure

Courts have long recognized that some persons, who are not otherwise famous or well known to the public, may still be considered public figures for the limited

---

[5] Plaintiff declined Defendants' invitation to appear as a guest on their social media channels and provide any information he chose to provide regarding their statements, including any alleged chicanery that led to his polygraph results that indicated deception. Exhibit 2 at Exhibits 010.

purpose of a defamation claim with respect to a particular controversy. *McLemore,* 987 S.W.2d at 571. To determine whether an individual is a limited-purpose public figure, the Fifth Circuit has adopted a three-part test:

(1) the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution;

(2) the plaintiff must have more than a trivial or tangential role in the controversy; and

(3) the alleged defamation must be germane to the plaintiff's participation in the controversy.

*McLemore,* 978 S.W.2d at 571 (citing *Trotter v. Jack Anderson Enterprises, Inc.,* 818 F.2d 431, 433 (5th Cir. 1987)).

To apply the test to this case:

(1) The controversy underlying this case is former President Barack Obama's alleged drug use and extramarital homosexual encounter with Plaintiff, which Plaintiff widely publicized in 2008. Doc. No. 1 at 3, ¶9. Both in 2008 and again during the Tucker Carlson interview, Plaintiff alleged to have participated in illegal and unsavory activities with a complete stranger who was later elected President of the United States. Doc. No. 1 at 3, ¶9; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(c) and 1002. (Defendants are not offering Plaintiff's statements to prove the truth of matters asserted in Plaintiff's statements). *See also Immanuel,* 618 F. Supp. 3d at 562–63.

Plaintiff's complaint demonstrates that the controversy was highly publicized, widely discussed, and people other than the immediate participants in the alleged activity were likely to feel the impact of its resolution. *McLemore,* 978 S.W.2d at 571; Doc. No. 1 at 3-4, ¶¶9, 10, 12, 17; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(c), and 1002. (Defendants are not offering Plaintiff's statements to prove the truth of matters asserted in Plaintiff's statements). *See also Immanuel,* 618 F. Supp. 3d at 562–63.

(2) Plaintiff has more than a trivial or tangential role in the controversy, as his allegations alone created the controversy, and Defendants are unaware of any other person or persons making similar, widely publicized allegations about Barack Obama. Doc. No. 1 at 3, ¶9.

> In considering a libel plaintiff's role in a public controversy, several inquiries are relevant and instructive: (1) whether the plaintiff actually sought publicity surrounding the controversy; (2) whether the plaintiff had access to the media; and (3) whether the plaintiff voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation. By publishing your views you invite public criticism and rebuttal; you enter voluntarily into one of the submarkets of ideas and opinions and consent therefore to the rough competition in the marketplace.

*McLemore*, 978 S.W.2d at 573 (internal citations omitted).

(3) Defendants' statements regarding Plaintiff's reputation and history for fraud, false statements, deception, and criminal activity are germane to Plaintiff's participation in the controversy that Plaintiff himself created. If the only source of a public controversy has fraud arrests and convictions and unfavorable polygraph test results, that information is highly germane to Plaintiff's participation and the

controversy itself so that the public can judge the veracity of Plaintiff's statements, and the merits of the controversy, for themselves. *McLemore*, 978 S.W.2d at 571; Doc. No. 1 at 3, ¶¶9, 10, 12, 17; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(c), and 1002. (Defendants are not offering Plaintiff's statements to prove the truth of matters asserted in Plaintiff's statements). *See also Immanuel,* 618 F. Supp. 3d at 562–63.

Plaintiff's complaint and the evidence to which he refers in his complaint establish Plaintiff as a limited purpose public figure with respect to Defendants' statements.

### b.  Plaintiff's complaint provides no more than conclusory statements that Defendants acted with actual malice

Despite the conclusory assertions in Plaintiff's complaint, Defendants did not publish their statements with actual knowledge of any falsity or with reckless disregard for the truth. Doc. No. 1 at 7-9, ¶¶27, 32, 33, 36, 38; Exhibit 2. Defendants' statements accurately reflected public allegations by responsible journalists and news organizations that referenced Colorado law enforcement records. Exhibit 1 (Exhibits 001-005). Fed. R. Evid. 201(b)(2), 201(c)(2) and 807. *See McLemore*, 978 S.W.2d at 574.

Also, Defendants' statements accurately reflected allegations made in another lawsuit, in which Plaintiff tacitly confirmed the polygraph results, though he alleged a large sum of money had exchanged hands to rig the results. *Sinclair,* 845 F. Supp. 2d at 217-218. Plaintiff's complaint does not state a claim for relief because it merely

concludes that Defendants acted with actual malice under Texas law with no basis for that conclusion. *Iqbal*, 556 U.S. at 678.

### c. Defendants did not act negligently regarding the truth of the statements

In the alternative, if this Court holds that Plaintiff's complaint sufficiently supports his claim to be a private individual for purposes of his defamation claim, Plaintiff's complaint offers mere threadbare recitals that Defendants acted negligently regarding the truth of the statements that Plaintiff complains of. *Iqbal*, 556 U.S. at 678.

Further, the extrinsic evidence referenced in Plaintiff's complaint does not support Plaintiff's allegations:

1. Plaintiff's own words confirm that he engaged in criminal activities at least as far back as 1980, such that Defendants' reference to a "27-year criminal history" are true. Doc. No. 1, pages 3, ¶9; 5, ¶19; 7, ¶27; https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(d)(2)(A), 1002. *See also Immanuel*, 618 F. Supp. 3d at 562–63.

2. Some of the media reports (not Defendants' statements) about which Plaintiff expressed concern in his complaint show that Plaintiff has three recorded arrests in Colorado in the 1980s for charges including credit card fraud and forgery and more recent charges in 2007 and 2008. Doc. No. 1 at 3-4, ¶¶10, 12, 17. Exhibit 1 (Exhibits 001-005);

https://www.chieftain.com/story/news/politics/2023/09/08/how-a-con-man-who-alleges-he-had-sex-with-obama-has-ties-to-pueblo/70798246007/. Fed.   R.   Evid. 201(b)(2), 201(c)(2), 807;

3.  Plaintiff's problematic polygraph results have been the subject of litigation in other federal courts. *Sinclair,* 845 F. Supp. 2d at 217; and

4.  Plaintiff himself acknowledged his criminal history during the Tucker Carlson interview: "any   sentence   I've   ever   been   given,   I've   served   it." https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/. Fed. R. Evid. 201(b)(2), 201(c)(2), 801(d)(2)(A), and 1002. *See also Immanuel,* 618 F. Supp. 3d at 562–63.

Plaintiff's complaint is wholly lacking in any showing that Defendants were negligent in considering Plaintiff's own, very public, statements regarding his criminal history—statements which Plaintiff referenced in his complaint. Doc. No. 1, pages 3, ¶9; 5, ¶19; 7, ¶27. Plaintiff failed to state a claim for libel or libel per se on which relief may be granted. Defendants ask this Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

### B.   Plaintiff's complaint does not state claims for false light invasion/misappropriation of privacy for which relief can be granted under Texas law

Texas does not recognize the tort of false light invasion of privacy. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 579 (Tex. 1994). Plaintiff has failed to state a claim on which relief can be granted for false light invasion of privacy. Fed. R. Civ. P. 12(b)(6).

Texas recognizes invasion of privacy by misappropriation; however, Plaintiff's bare assertion in the complaint for misappropriation of privacy reads as follows: "Defendants have misappropriated Sinclair's right to privacy." Doc. No. 1 at 9, ¶42. Plaintiff's complaint is wholly devoid of the elements for misappropriation in Texas, which include: (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant. *Express One Intern., Inc. v. Steinbeck,* 53 S.W.3d 895, 900 (Tex. App.—Dallas 2001, no pet.).[6]

Plaintiff has failed to state a claim on which relief can be granted for misappropriation of privacy. Fed. R. Civ. P. 12(b)(6).

**C.   Plaintiff's complaint does not state a claim for tortious interference on which relief may be granted under Texas law**

To prevail on his tortious interference claim, Plaintiff must allege (and prove at trial) the following elements: (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss. *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.,* 989 F.3d 343, 353 (5th Cir. 2021), as revised (Mar. 2, 2021). Plaintiff's complaint does not allege those elements. Doc. No. 1 at 9-10, ¶¶45-50.

---

[6] The closest Plaintiff's complaint comes to stating a claim is his assertion that Defendants might draw more listeners to their own social media if Plaintiff would consent to appear on their platform. Doc. No. 1 at 5, ¶22.

Texas law requires actual interference, *i.e.,* a breach of the contract. *Id.* at 354. Plaintiff does not allege that Go Fund Me breached Plaintiff's fundraising campaign with Go Fund Me for any reason, much less due to Defendants' "interference." Doc. No. 1 at 9-10, ¶¶45-50.   Plaintiff's complaint fails to describe any willful and intentional act of interference with Plaintiff's Go Fund Me campaign. Doc. No. 1 at 9-10, ¶¶45-50.  Plaintiff's complaint fails to show how any purported injury to Plaintiff was foreseeable or was in fact caused by Defendants' statements. Doc. No. 1 at 9-10, ¶¶45-50.  Plaintiff's complaint fails to show actual damages or loss with the Go Fund Me fundraising campaign. Doc. No. 1 at 9-10, ¶¶45-50. Plaintiff's complaint does not state a claim for which relief may be granted, and Defendants ask this Court to dismiss this case. Fed. R. Civ. P. 12(b)(6).

### D. Plaintiff's complaint does not state a claim for civil conspiracy on which relief may be granted under Texas law

The elements of a civil conspiracy under Texas law are as follows:

(1) a combination of two or more persons;

(2) the persons seek to accomplish an object or course of action;

(3) the persons reach a meeting of the minds on the object or course of action;

(4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and

(5) damages occur as a proximate result.

*WickFire,* 989 F.3d at 358.

Plaintiff's complaint merely recites a vague "intent to injure plaintiff" with no specific allegations regarding the object or course of action, the meeting of the minds on the object or course of action, the unlawful, overt acts taken in pursuance of the object or course of action, or damages that occurred as a proximate result. Doc. No. 1 at 10-11, ¶¶51-54.

Further, civil conspiracy is a derivative tort, which must be tied to one of the other torts that Plaintiff alleged. *WickFire,* 989 F.3d at 358. As discussed above, Plaintiff's complaint does not state a claim upon which relief can be granted for libel/libel per se, false light invasion/misappropriation of privacy, or tortious interference. Plaintiff's complaint fails to state a claim for relief as to any tort to which a civil conspiracy could attach. This Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

## Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted under Texas law. Defendants ask this Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Defendants ask this Court to transfer this case to the United States District Court for the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. § 1404.

*/s/ Charles A. Bennett*
Charles A. Bennett
SDTX Fed. No.: 3871033
CHARLES BENNETT LAW, PLLC
12770 Coit Rd. Ste. 720
Dallas, TX 75251
cbennett@bennettlegal.com
Tel: (972) 972-4969
Fax: (469) 754-0088
ATTORNEY FOR DEFENDANTS

## Certificate of Service

I hereby certify that on the 30th day of January, 2024, I electronically filed this Motion to Dismiss Pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se

Mailing Address
c/o 1520 Sherman Street
Laredo, Texas 78040
E-mail: lsnewsgroup@gmail.com

*/s/ Charles A. Bennett*