IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-109 |
| | § | |
| BRIAN MARK KRASSENSTEIN, | § | |
| EDWARD LAWRENCE KRASSENSTEIN, | § | |
| E&B ADVERTISING, INC., AND | § | |
| FORUM ADVERTISING LLC, | § | |
| *Defendants.* | § | |

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(B)(1) FEDERAL RULES OF CIVIL PROCEDURE, AND IN THE
ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Pursuant to LR7.4.E., Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC file this reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. Defendants will not rehash their arguments previously presented. However, Defendants do not wish for this Court's eventual order on Defendants' motion to be based upon, or tainted by, Plaintiff's perjury, suborned perjury, and/or aggravated perjury.

## I. Even under the relaxed standard for pro se litigants, perjury is impermissible in this Court

Plaintiff has made contradictory representations to the public, other courts, and this Court that: (1) he lives in Monterrey, Nuevo Leon, Mexico, and (2) he has never lived in Monterrey, Nuevo Leon, Mexico, and only visited there once in his

entire life, in December 2022. These are mutually exclusive statements, and the latter statements were made under oath and filed in this Court. Docs. No. 22-1 and 22-2. If Plaintiff lives in Monterrey, Nuevo Laredo, Mexico, currently or has lived there in the past, then his sworn affidavit, and that of his witness, are perjury and/or suborned perjury as to a material matter regarding subject matter jurisdiction. 18 U.S.C. §§ 1621-1623.

Defendants acknowledge this Court will hold Plaintiff's documents and pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). However, perjury or subornation of perjury are prohibited under Federal law. 18 U.S.C. §§ 1621-1623.[1] A plaintiff, even a *pro se* plaintiff, is obligated to plead proper jurisdiction and specific facts and follow the Federal Rules of Civil Procedure, presumably without perjury. *See Hamilton v. United States,* No. 4:16-CV-00964, 2017 WL 11698489, at *3 (S.D. Tex. Mar. 31, 2017).

## II.    Plaintiff's and his witness's affidavits contain false statements

Plaintiff swears under oath that:

- "I do not and have not ever lived in Monterrey Nuevo Leon Mexico as claimed by defendants."
- "I have at no time represented the signature line on my emails to be my address and in fact included it for the express purpose of demonstrating defendants consistent publishing of statements as fact without bothering to verify the truthfulness of their statements."
- "I have been to Monterrey Nuevo Leon Mexico one (1) time in my 62 plus years of living on December 9, 2022 when I drove my friends wife to pick up her wedding dress for their January 7, 2023 wedding."

---

[1] *See also* Texas Penal Code §§ 37.01-37.04.

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO 12(B)(1) MOTION TO         PAGE 2
DISMISS AND MOTION TO TRANSFER VENUE

Doc. No. 22-2, ¶9-10, 15.

Plaintiff's witness swears under oath that:

- "I can personally affirm Mr. Sinclair does not now nor has he in the last four (4) years lived in Monterrey Nuevo Leon Mexico and the only time he has been to Monterrey was December 9, 2022 when he drove my wife to pick up her wedding dress because she was uncomfortable driving there alone."

Doc. No. 22-1, ¶8.

### A. Plaintiff's other court filings contradict Plaintiff's sworn affidavit

In August and September of 2023, Plaintiff provided the Eighteenth Judicial Circuit Court of Brevard County, Florida (Case No. 05-2020-CA041752-XXXX-XX) with the same Monterrey, Nuevo Leon, Mexico, address that Plaintiff provided to Defendants, though Plaintiff included an actual street number in his Monterrey address when filing with the Circuit Court:

Dated this 5rd day of September 2023.

*Lawrence Sinclair*
_____
Lawrence (Larry) Sinclair, pro se
Chilpancingo 320, Mitras Nte., 64320
Monterrey, N.L., Mexico
+52 951 437 0777
lsnewsgroup@gmail.com
lws092661@gmail.com

Filing 181131347                 L SINCLAIR VS CITY OF COCOA                 05-2020-CA-041752-XXXX-XX

Exhibit 1. *See also* Doc. No. 20-1 at 5, 7, 13, 15:

.

**Sincerely,**


**Lawrence (Larry) W. Sinclair**
**Chilpancingo, Mitras Nte., 64320**
**Monterrey, N.L., Mexico**
**lsnewsgroup@gmail.com**
**lws092661@gmail.com**

Defendants ask this Court to take judicial notice of Plaintiff's court filings pursuant to Fed. R. Evid. 201.

Defendants were not and are not parties to the Brevard County, Florida, litigation, and Plaintiff's purported attempts to deceive Defendants with a fake address in Monterrey would serve no purpose in the Brevard County court litigation.[2] Contrary to Plaintiff's sworn affidavit to this Court, Plaintiff did represent the signature line on his e-mails to be his address, and he did so to a court of law and other parties as part of an official court proceeding. Doc. No. 22-2, ¶10; Exhibit 1.

### B. Other widely accessible information contradicts Plaintiff's and his witness's sworn affidavits

Plaintiff's Facebook page states that he lives in Monterrey, Nuevo Leon, Mexico:

---

[2] Plaintiff's judicial admission that he intentionally sought to deceive Defendants by including the Monterrey, Nuevo Leon, Mexico in his e-mail signature is inconsistent with his defamation lawsuit seeking damages for, in part, damages caused to his reputation by Defendants' public statements that Plaintiff's past polygraph results indicated that he engaged in deception.



https://m.facebook.com/profile.php?id=100000514974020. Fed. R. Evid. 201.

Plaintiff has previously held himself out on author pages/biographies as residing in Laredo, Texas, and Monterrey, Nuevo Leon, Mexico:

https://books.google.com/books/about/When_One_Man_Stands.html?id=Kk9eLwEACAAJ; and

https://www.amazon.com/Barack-Obama-Larry-Sinclair-Cocaine/dp/0578013878.

Fed. R. Evid. 201.

On December 2, 2023, Plaintiff indicated on Twitter/X that he was in Monterrey, Nuevo Laredo, Mexico, despite his and his witness's sworn affidavits that he had visited Monterrey exactly one time, and that was in December 2022 to pick up a wedding dress:

https://twitter.com/seeknmeann/status/1730950512898699536?s=20

Fed. R. Evid. 201. Docs. Nos. 22-1, ¶8 and 22-2, ¶15.

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO 12(B)(1) MOTION TO          PAGE 5
DISMISS AND MOTION TO TRANSFER VENUE

Defendants do not presume that Plaintiff's residence in Monterrey, Nuevo Leon, Mexico, automatically defeats Plaintiff's assertions that he is domiciled in Laredo, Texas. That issue is for this Court to decide based on the law and evidence. However, Defendants ask this Court to make its jurisdictional decision based on the law and proper evidence rather than possibly perjured affidavits.

### III.    Plaintiff's objection to transferring venue lacks credibility

Finally, Defendants assure this Court that they do not believe the court is "a little slow," as Plaintiff asserts. Doc. No. 22 at 6. Defendants assert that if this Court does not dismiss this case, then venue is proper in the United States Court for the Middle District of Florida, Fort Myers Division, for the very reason that Plaintiff mentioned in his reply: it is a few miles from their home. Doc. No. 22 at 6-7. Further, Plaintiff is comfortable in Florida courts when he chooses to be. Exhibit 1.

### Conclusion

Defendants ask this Court to consider all of the credible evidence in determining subject-matter jurisdiction. Defendants ask this Court to dismiss this case for lack of jurisdiction, or in the alternative, to transfer this case to the United States Court for the Middle District of Florida, Fort Myers Division.

DATED THIS 1ST DAY OF FEBRUARY 2024.

(Signature on next page)

*/s/ Charles A. Bennett*
Charles A. Bennett
SDTX Fed. No.: 3871033
CHARLES BENNETT LAW, PLLC
12770 Coit Rd. Ste. 720
Dallas, TX 75251
cbennett@bennettlegal.com
Tel: (972) 972-4969
Fax: (469) 754-0088
ATTORNEY FOR DEFENDANTS

## Certificate of Service

I hereby certify that on the 1st day of February 2024, I electronically filed this Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure, and in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se

Mailing Address
c/o 1520 Sherman Street
Laredo, Texas 78040
E-mail: lsnewsgroup@gmail.com

*/s/ Charles A. Bennett*