IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR, <br> *Plaintiff,* <br><br> v. <br><br> BRIAN MARK KRASSENSTEIN, <br> EDWARD LAWRENCE KRASSENSTEIN, <br> E&B ADVERTISING, INC., AND <br> FORUM ADVERTISING LLC, <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:23-CV-109 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR RESTRAINING ORDER ON DEFENDANTS EDWARD LAWRENCE KRASSENSTEIN AND BRIAN MARK KRASSENSTEIN

Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC file this Response to Plaintiff's Emergency Motion for Restraining Order (Doc. No. 23) pursuant to this Court's February 1, 2024, Order (Doc. No. 24). Defendants ask this Court to deny Plaintiff's motion.

**I.   The Restraining Order Sought by Plaintiff is Overbroad and Not Well-Founded**

**A. The restraining order would hinder the judicial process**

Plaintiff seeks an emergency restraining order barring Defendants from: "Contacting in any manner any witness and individual identified as associated with, friends of Plaintiff or who have provided affidavits or any other statements on behalf of plaintiff in this case." Doc. No. 23 at 2.

Plaintiff's requested relief would prevent Defendants from conducting any discovery in this case or from contacting any persons identified by Plaintiff as part of his initial disclosures. Fed. R. Civ. P. 26(a) and (b); 30, 31, 33, 34, 36. Further, Plaintiff's request seeks a prior restraint on speech, as discussed below.

### B. The requested restraining order is a prior restraint on speech

Plaintiff's requested restraining order further asks this Court to: "In addition ORDER defendants to cease posting on any social media or internet platforms or websites claims this court has determined them to be exonerate or any posts mentioning plaintiff or plaintiffs address or anything associated with individuals assisting plaintiff in any way." Doc. No. 23 at 2.

Plaintiff's requested relief, presumably sought under Fed. R. Civ. P. 65, would greatly infringe upon Defendants' First Amended rights.

A judicial order that forbids certain communications before they occur constitutes a prior restraint. *Alexander v. United States,* 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). Prior restraints on speech are presumptively unconstitutional under both the federal and state constitution, though the Texas Supreme Court has interpreted Texas's constitutional right to free speech under article 1, section 8 of the Texas Constitution more broadly than its federal equivalent. *Marketshare Telecom, L.L.C. v. Ericsson, Inc.,* 198 S.W.3d 908, 917 (Tex. App.—Dallas 2006, no pet.) (citing *Davenport v. Garcia,* 834 S.W.2d 4, 8-9 (Tex. 1992)).[1]

---

[1] "Under the *Erie* doctrine, 'federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings.' Before deciding a law is procedural or substantive, a federal court sitting in diversity should not apply a state law if a Federal Rule is in direct conflict with the state law and the Federal Rule does not violate the Rules

*Davenport* imposed a two-part standard for prior restraint affecting the judicial process:

- "The first requirement of our standard advances from the prior holdings of Texas courts that only an imminent, severe harm can justify prior restraint, and in the context of gag orders, that harm must be to the judicial process." *Id.* at 10 ("The mandate that findings of irreparable harm be made is based on our state constitutional preference for post-speech remedies. Only when no such meaningful remedies exist will prior restraints be tolerated in this context."); and

- "The second part of the test is intended to ensure that no alternative exists to treat the specific threat to the judicial process which would be less restrictive of state speech rights." *Id.* at 10-11 ("we view the federal test … as too permissive toward prior restraints and decline to adopt it. The federal approach offers only limited guidance concerning gag orders such as that involved here, which restrict access to information by prohibiting individuals from discussing a case. Such orders should be treated like any other prior restraint.").

As discussed below, Plaintiff's emergency motion fails to show any imminent, severe harm to the judicial process that would result from any future social media posts by Defendants, nor does the motion express that there is no alternative to the

---

Enabling Act." *Allen v. Sherman Operating Co., LLC,* 520 F. Supp. 3d 854, 859 (E.D. Tex. 2021) (citing *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (describing the holding in *Erie*). No such conflict arises in this case. This Court should apply Texas free speech standards.

total ban on social media posting that Plaintiff seeks. Defendants ask this Court to deny Plaintiff's motion.

### C. The requested restraining order is based on unsubstantiated allegations that do not show harassment or harm

Finally, Plaintiff asks this Court to order Defendants' counsel to immediately file notice of appearance in this matter, and to direct his clients to refrain from harassment, threatening, or contacting anyone associated with plaintiff. Doc. No. 23 at 2. The undersigned counsel for Defendants has already appeared in this case. Docs. Nos. 20 and 21. To the extent that Plaintiff seeks a restraining order from this Court to direct his clients to refrain from harassment or threats, counsel would reply that such a direction is unnecessary but he is willing to provide such direction even without a restraining order.

Plaintiff's Emergency Motion for Restraining Order on Defendants Edward Lawrence Krassenstein and Brian Mark Krassenstein is based on unsworn, unverified hearsay allegations that Defendant Edward Krassenstein made telephone calls to Erik Gamez, a non-party who provided an affidavit regarding Plaintiff's domicile earlier in this case. Doc. No. 23 at 2; Doc. No. 22-1 at 3. Accepting Plaintiff's allegations at face value, the gist of Plaintiff's complaint and basis for his request for Emergency Restraining Order is that Edward Krassenstein called the owner of the business listed at the same address as Plaintiff's residence for purposes of diversity jurisdiction and asked if Plaintiff lived there. Doc. No. 23 at 1-2.

Plaintiff's complaint about Edward Krassenstein's telephone call or calls is curious, given Mr. Gamez's sworn comment that "At no time has anyone named in

this action or counsel for anyone named in this action ever contacted me to ask if Mr. Sinclair was staying, had personal belongings or property, or received his mail directly at 1520 Sherman Street, Laredo, Texas 78040, or any thing else concerning Mr. Sinclair." Doc. No. 22-1, ¶10. The clear implication is that Defendants or their counsel *should have* contacted Mr. Gamez to ask if Mr. Sinclair was staying, had personal belongings or property, or received his mail directly at 1520 Sherman Street, Laredo, Texas 78040. Yet Mr. Gamez then refused to answer those questions when asked by (someone he claims to be) Edward Krassenstein. Doc. No. 23 at 2.

Further, while Defendants dispute the allegation in Plaintiff's emergency motion that there was any implicit or explicit threat to Mr. Gamez, the actual words recounted in the Emergency Motion are "you will answer my questions when I call the police." Doc. No. 23 at 2. Even taken with the very worst implication possible, the purported "threat" is a "threat" to call the police to enlist their help in asking Mr. Gamez questions as to whether Larry Sinclair resides at 1520 Sherman Street, Laredo, Texas 78040—which is information that Mr. Gamez had already provided to this Court under oath (and implicitly complained about not having been asked to provide to Defendants before). Doc. No. 22-1, ¶10.

In summary, if this Court granted Plaintiff the restraining order he seeks, the restraining order would, pursuant to Fed. R. Civ. P. 65(d)(1)(A), state as reasons issued that: "Edward Krassenstein called Erik Gamez to confirm the information in Mr. Gamez's sworn affidavit filed with this Court (after Mr. Gamez stated in that affidavit that neither Defendants nor their counsel had contacted him to ask

questions about Mr. Sinclair's presence at 1520 Sherman Street or anything else concerning Mr. Sinclair). Upon Mr. Gamez's refusal to answer the questions, Mr. Krassenstein stated 'You will answer my questions when I call the police.'" Doc. No. 22-1, ¶10; Doc. No. 23 at 2. Respectfully, these grounds do not seem sufficient to justify an emergency restraining order that would have the real effect of chilling free speech and hampering Defendants' ability to conduct discovery.

## Conclusion

Plaintiff has not shown any supportable basis for the extraordinary relief he seeks from this Court. Defendants ask this Court to deny Plaintiff's Emergency Motion for Restraining Order on Defendants Edward Lawrence Krassenstein and Brian Mark Krassenstein. Defendants also ask for all such other and further relief to which they may be entitled.

DATED THIS 12th DAY OF FEBRUARY 2024.

                                                                 */s/ Charles A. Bennett*
                                                                 Charles A. Bennett
                                                                 SDTX Fed. No.: 3871033
                                                                 CHARLES BENNETT LAW, PLLC
                                                                 12770 Coit Rd. Ste. 720
                                                                 Dallas, TX 75251
                                                                 cbennett@bennettlegal.com
                                                                 Tel: (972) 972-4969
                                                                 Fax: (469) 754-0088
                                                                 ATTORNEY FOR DEFENDANTS

## Certificate of Service

I hereby certify that on the 12th day of February 2024, I electronically filed this Reply to Plaintiff's Emergency Motion for Restraining Order, Pursuant to 28 U.S.C. § 1404 with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

> Lawrence (Larry) W. Sinclair
> Plaintiff, Pro Se
>
> Mailing Address
> c/o 1520 Sherman Street
> Laredo, Texas 78040
> E-mail: lsnewsgroup@gmail.com

*/s/ Charles A. Bennett*