UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | |
|---|---|
| LAWRENCE (LARRY) W. SINCLAIR ) | |
| Plaintiff, Pro Se ) | |
| ) | Case No. 5:23-CV-109 |
| VS ) | |
| ) | |
| BRIAN MARK KRASSENSTEIN, et al ) | |
| Defendants. ) | |

**PLAINTIFFS SEPARATE INDEPENDENT AND SPECIFIC RESPONSE TO DEFENDANTS' MULTIPLE ALTERNATIVE, MOTIONS TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404.**

PLAINTIFF, Lawrence (Larry) W. Sinclair submits the following **SEPARATE, INDEPENDENT, and SPECIFIC RESPONSE TO DEFENDANTS' MULTIPLE ALTERNATIVE, MOTIONS TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404** and states as follows.

Plaintiff filed his complaint on October 3, 2023, asserting diversity of citizenship pursuant to 28 U.S.C. § 1332; Plaintiff is proceeding *in forma pauperis;* and Plaintiff had Defendants served on January 9, 2024. Docs. No. 1-12. Defendants have not yet answered, and Defendants concurrently filed a motion to dismiss.

pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt 20) , a second motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt 21), and in the alternative, Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a).on both. Defendants duplicate alternative motions to transfer venue as well as defendants inserting said motions into defendants' response to plaintiffs Motion for Restraining Order (Dkt 23) byway of submitting a "Proposed Order" including (Dkt 34-1)

28 USC §1404 was enacted in 1948 and amended shortly thereafter to include subsection (a) Shortly thereafter, ***Congress enacted 28 U.S.C. § 1404(a) revising the Judicial Code, 28 U.S.C. § 1 et seq. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."***

Defendants claim the action lacks Diversity yet that is clearly false; defendants claim the Court lacks Subject Matter Jurisdiction which is also false. Upon research plaintiff discovered that Motions pursuant to 28 U.S.C. § 1404(a) are normally considered inappropriate with motions to dismiss under Rule 12 (b). For defendants Motion to Transfer Venue to be proper or valid defendants would have to hold position that Diversity and Jurisdiction are proper and valid.

The applicable Fifth Circuit law allows for transfer only when the movant shows that the transferee forum is "clearly more convenient" than the transferor forum, which is determined by assessing a series of private and public interest factors. ***In Re: TikTok, Inc., No. 23-50575 (5th Cir. 2023)*** In re Samsung Elecs. Co., Ltd., Case No. 2023-**146 (Fed. Cir. Dec. 14, 2023**)

Defendants simply state in their Alternative Motion to Transfer Venue is for ***the convenience of parties and witnesses (emphasis bold added).*** Stating simply that defendants reside in Ft Meyers & Cape Coral, Florida though none of defendants reside in Cape Coral and plaintiff corrected defendant Edward Krassensteins address after defendants refused repeated requests to confirm his correct address and plaintiff discovered his correct address in Ft. Meyers. The business defendants do not operate outside of the address and residence of defendants Krassensteins according to Florida Division of Corporation filings. Defendants in reply (Dkt 25 Section III) to plaintiffs Response to Rule 12(b)(1) Motion (Dkt 22) Defendants seek transfer of venue solely because the requested District is a few miles from defendants' home.

> *"Finally, Defendants assure this Court that they do not believe the court is "a little slow," as Plaintiff asserts. Doc. No. 22 at 6. Defendants assert that if this Court does not dismiss this case, then venue is proper in the United States Court for the Middle District of Florida, Fort Myers Division, for the very reason that Plaintiff mentioned in his reply: it is a few miles from their home. Doc. No. 22 at 6-7".* **(Dkt 25 Section III)**

As to defendants misrepresentation as to plaintiffs being comfortable in Florida Courts when he wants to is another deliberate attempt along with defendants recent effort to claim Mr. Gamez affidavit is perjured using Motion for Restraining Order response (Dkt 34) to assert Defendants contacting and harassing & threatening Mr. Gamez 10 minutes after affidavit was filed and defendant read it was proof Mr. Gamez was lying where he stated no has contacted him or asked him anything about my staying in his properties. The Florida cases defendants refer to were filed when I resided in Florida by counsel who suddenly retired from practicing law and plaintiff was stuck with taking the case pro se.

Defendants promote themselves as Social Media Influencers, Social Media Celebrities, Political Journalists, Reporters, Website Portal designers, Internet advertisers, and operate all their "claimed" businesses online and receive financial benefit and revenue from the State of Texas residents as well as ad revenue from ads targeting Texas residents or originating in Texas which appear along their X posts.

Twitter personalities who say they're getting thousands of dollars under the site's new ad-revenue program.

https://www.businessinsider.com/twitter-ad-revenue-scheme-creator-influencer-personalities-elon-musk-money-2023-7?amp

https://muckrack.com/eddie-krassenstein

https://muckrack.com/eddie-krassenstein/articles

The Krassensteins

https://www.reddit.com/r/moderatepolitics/comments/g6bm0p/the_krassensteins/

Avenatti, Wohl and the Krassensteins Prove Political Media Is a Hucksters' Paradise https://www.rollingstone.com/politics/politics-news/avenatti-wohl-krassensteins-prove-political-media-is-hucksters-paradise-839032/amp/

Twitter Starts Paying Some Creators Share of Ad Revenue on Invitation-Only Basis, Including Andrew Tate and Krassenstein Brothers

https://variety.com/2023/digital/news/twitter-paying-creators-ad-revenue-share-andrew-tate-krassensteins-1235670342/amp/

Watch "Meet The Krassensteins, The Superstar Bros Of #Resistance Twitter (HBO)" on YouTube https://youtu.be/Np-FxttU80Y?si=rssvSY2amc8tLswV

Watch "Brian and Ed Krassenstein | PBD Podcast | Ep. 299" on YouTube

https://www.youtube.com/live/GXmfIf1jp9g?si=9UMhaSjxqh2lyEKj

America's Most Infamous Resistance Bros Want Back In

https://www.thedailybeast.com/the-krassenstein-brothers-americas-most-infamous-resistance-bros-want-back-in

Stars of the #Resistance movement, the Krassenstein brothers are back and pushing NFTs — despite past allegations of fraud.

https://www.rollingstone.com/culture/culture-news/krassenstein-brothers-twitter-elon-musk-1234646852/amp/

Brian Krassenstein https://www.influencewatch.org/person/brian-krassenstein/

Twitter Permanently Bans Anti-Trump Krassenstein Brothers, Who Deny They Broke Platform's Rules

https://variety.com/2019/digital/news/twitter-bans-ed-brian-krassenstein-brothers-fake-accounts-1203225266/amp/

The puzzling prominence of the Twitter-famous Krassenstein brothers

https://archive.thinkprogress.org/who-are-the-krassenstein-brothers-251f68acf674/

Twin brothers Brian and Ed Krassenstein have a news website in which they describe themselves as "Democrats fighting for a fascist-free United States."

https://www.politifact.com/personalities/brian-krassenstein/

Feds Seized a Fortune From #Resistance Icons Accused of Boosting Online 'Ponzi Schemes'

https://www.thedailybeast.com/feds-seized-a-fortune-from-resistance-icons-accused-of-boosting-online-ponzi-schemes

Did the Krassenstein bros exploit the Haitian disaster to get more followers online?

https://www.dailydot.com/irl/krassenstein-haitian-disaster-facebook-groups-followers/

Krassenstein Brothers: 5 Fast Facts You Need to Know

https://heavy.com/news/2019/05/krassenstein-brothers-ed-brian/amp/

Defendants directly seek subscribers, followers and viewers of their posts and published content specifically for the purpose of financial gain. The more outrageous, controversial and vicious the posts and comments the higher volume of traffic and impressions on them.

Defendants cannot present or identify a single witness they intend to call in Florida that could possibly even be admitted testifying. The evidence in this case is electronically stored and despite defendants recent clean up efforts to delete evidence of their deliberate and malicious publishing of false statements in defamation and libel of

plaintiff, plaintiff can state for the court evidence he will seek either with defendants cooperation authorizing X Corp to turn it over or by Court subpoena will be from X Corp which is located in California. Discovery intended to be sought from defendants clearly is located within defendants' homes so they should have no problem producing it and turning it over.

Defendants own published admissions state "we only published what was on the internet and published by Politico and the Daily Mail 15 years ago," which despite being false Politic nor the Daily Mail are located in Florida nor is it believed defendants would get anyone from either of those operations to testify at trial.

Defendants were repeatedly requested if they would comply with "their duty" under *FRCP Rule 4 (d) WAIVING SERVICE. (1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)* **has a duty to avoid unnecessary expenses of serving the summons**. *The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.* And publicly published their refusal to do so before deleting it in effort to avoid it being filed with the Court See Dkt 11 Plaintiffs Motion for US Marshall Service at the same time defendants were publicly posting and engaging with their followers on how to challenge process and other strategy. Yet now defendants claim convenience.

Defendants Alternative Motion to Transfer Venue is not because the requested District is proper as claimed, it is another strategy publicly discussed and mentioned as a way to force plaintiff to have to drop the action due to lack of finances of plaintiff. Defendants have publicly stated their disappointment with this Court allowing plaintiff to

bring this action without prepayment of filing fees. Defendants have repeatedly publicly stated "when the Court lets someone with no money file without paying fees any body can sue anybody."

Defendants are in their attempt to transfer venue themselves "Forum shopping" because they want Florida Law to be controlling as opposed to Texas.

Plaintiff can state here and now if his suspicions as to the interactions and associations between defendants and defendants counsel of record are correct, given that defendants counsel is at the very least a Follower of defendants accounts and despite requests for counsel to respond to plaintiffs questions about counsels engagement with defendants postings he has chosen not to, plaintiff may move to call defendants counsel as a witness in this matter.

Defendants have used information they obtained from the internet and presented it to this court as factual and even have entered it into evidence in their motions without once asking plaintiff directly, like plaintiff did defendants, for plaintiffs' address or anything else. Defendants have submitted information they never bothered to verify, never sought to verify the veracity of the original authors or any other effort which would allow them to present it to this court as evidence or factual.

Defendants hold the burden to demonstrate a transfer of venue is indeed in the interest of justice, and not only have they not done that, but they also cannot do so. Seeking venue transfer as a strategy to force plaintiff to drop the action is not a factor set forth by the United States Court of Appeals for the Fifth Circuit.

Defendants have not provided anything in their motion for transfer of venue which would find a single factor weighing in their favor.

Plaintiff would argue that Defendants Motions to Dismiss (Dkt 20 & 21) which they attached the Alternative Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) are more their roll of the dice hoping to misrepresent the facts just enough to squeeze out a dismissal knowing that Diversity & Subject Matter and Personal Jurisdiction is proper in this Court, just as they know plaintiffs complaint does indeed state claims where relief can be granted. Otherwise, why seek the Alternative instead of waiting for ruling on motions to dismiss first?

Regardless of why defendants chose this route they have FAILED to meet even the bare minimum burden established by the Fifth Circuit to succeed on Transfer of Venue in this matter.

**Wherefore** Plaintiff respectfully asks the Court to **DENY** Defendants Multiple Alternative Motions for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt 20 & Dkt 21)

Submitted this 19th day of February 2024 Laredo, Texas.

Respectfully Submitted,

*Lawrence Sinclair*

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
Mailing Address
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com

## CERTIFICATE OF SERVICE

I Lawrence (Larry) W. Sinclair HEREBY certify that a true and correct copy of the foregoing **PLAINTIFFS SEPARATE INDEPENDENT AND SPECIFIC RESPONSE TO DEFENDANTS MULTIPLE ALTERNATIVE, MOTIONS TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404** has been furnished electronically by email through ECF-CM system to Charles A. Bennett cbennett@bennettlegal.com Counsel for Defendants this 19th day of February, 2024.

*Lawrence Sinclair*
Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com