Case 5:23-cv-00109   Document 39   Filed on 02/22/24 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE W. SINCLAIR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-109 |
| | § | |
| BRIAN MARK KRASSENSTEIN *et al.* | § | |

# **ORDER**

On January 30, 2024, Defendants filed two motions to dismiss. (Dkt. Nos. 20 and 21). In each motion to dismiss, Defendants request "[i]f this Court denies Defendants' motion to dismiss, Defendants ask this Court to transfer this case to the United States [District] Court for the Middle District of Florida, Fort Myers Division[,] pursuant to 28 U.S.C. § 1404(a)." (Dkt. No. 20 at 5; Dkt. No. 21 at 7).

Even when the plaintiff files suit in a proper venue, the district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant has the burden of showing that an alternative forum is more appropriate for the action. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) ("*Volkswagen II*"). "The plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Carpenter v. Parker Drilling Offshore USA, Inc.*, No. 05–265, 2005 WL 1432373, at *1 (E.D. La. June 16, 2005). Therefore, to overcome the plaintiff's choice of venue, the movant must show "good cause" for the transfer. *Volkswagen II*, 545 F.3d at 315. Good cause for the transfer exists when the transferee venue is clearly more convenient than the plaintiff's chosen venue. *Id*. In such a case, the court should grant the motion to transfer. *Id*.

When deciding a motion to transfer, the Fifth Circuit considers private and public interest factors first articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *Id*. The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id*. (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I*")).

The public interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id*. None of the factors are entitled to dispositive weight. *Id*.

Considering Defendants have not briefed the issue, the Court **ORDERS** Defendants to file a supplemental brief addressing its request to transfer venue **no later than 5:00 p.m. on <u>March 8, 2024</u>**. The brief must present arguments supported by specific citations to applicable law.

IT IS SO **ORDERED**.

**SIGNED** February 22, 2024.

_____
Christopher dos Santos
United States Magistrate Judge