# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| LAWRENCE (LARRY) W. SINCLAIR ) | |
| Plaintiff, Pro Se ) | |
| ) | Case No. 5:23-CV-109 |
| VS ) | |
| ) | |
| BRIAN MARK KRASSENSTEIN, et al ) | |
| Defendants. ) | |

**PLAINTIFFS AMENDED RESPONSE TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP 12 (b) 1 and ALTERNATIVE MOTION TO TRANSFER VENUE (Dkt 20)**

COMES NOW PLAINTIFF, Lawrence (Larry) W. Sinclair **PLAINTIFFS AMENDED RESPONSE TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP 12 (b) 1 and ALTERNATIVE MOTION TO TRANSFER VENUE (Dkt 20)** and states as follows.

Plaintiff filed his complaint on October 3, 2023, asserting diversity of citizenship pursuant to 28 U.S.C. § 1332; Plaintiff is proceeding *in forma pauperis;* plaintiff served Complaint, Summons, NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL (Form SDTX-DC-30), NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS (Form AO 398 Rev. 01/09), WAIVER OF THE SERVICE OF SUMMONS (Form

1

AO 399 Rev. 01/09) with postage prepaid return envelopes on defendants mailed US Postal Service Postage Prepaid Priority Mail signature required on October 24, 2023. Defendants Brian Krassenstein, E&B Advertising and Forum Advertising received on October 27, 2023 as witnessed in attached Exhibit B (3 pages) and Edward Krassenstein received on October 28, 2023 as witnessed in attached Exhibit A. (Both these exhibits have been previously filed with the Court in **Dkt 11.** Plaintiff did so despite Defendant's publicly publishing they would refuse to comply with their duty under Fed.R.Civ.P. 4(d)(1).

After which Plaintiff filed Motion for Service by US Marshals (Dkt 11) which was GRANTED and Defendants then agreed to accept service from US Marshals Service via email on January 9, 2024. Defendants have not yet answered, and Defendants concurrently filed a motion to dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt 20) , a second motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt 21), and in the alternative, Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a).on both. Defendants duplicate alternative motions to transfer venue as well as defendants inserting said motions into defendants' response to plaintiffs Motion for Restraining Order (Dkt 23) byway of submitting a "Proposed Order" including (Dkt 34-1).

Plaintiff prior to filing Complaint on October 3, 2023 made multiple requests to defendants to confirm and verify their correct address after Florida Secretary of State Division of Corporations records indicated addresses which:

1. Listed Defendant Edward Krassenstein as residing at an address 4921 SW 25th Place Cape Coral Florida 33914 according the annual reports filed April 8, 2023 and signed by defendants which corresponded to a property sold on November 9, 2016 which sales proceeds were according to defendants

2

forfeited to US Government to settle a wire fraud complaint filed against the two Krassensteins.

2. And to Brian Krassenstein after Google maps showed his listed address to appear to be a current construction site combining two lots with the assigned lot address differing from that which was listed for him and E&B and Forum Advertising.

Rather than defendants respond with the requested correct addresses they chose to publicly attack plaintiff accusing plaintiff of defaming they for stating a fact that the annual reports filed with Florida Division of Corporations for multiple years after selling of Cape Coral property continued to falsely state that was the correct address for defendant Edward Krassenstein. Plaintiff filed complaint and later discovered the correct address for defendant Edward Krassenstein and amended the complaint (Dkt 5) to reflect the correct address for Edward Krassenstein at that time.

## I: Motion to Dismiss Pursuant Ruble 12(b)(1)

Defendants by and through counsel have filed a Motion to Dismiss claiming lack of subject matter jurisdiction. As grounds for defendants' motion, they claim that plaintiff lacks diversity in this action because as alleged by defendants, items published as used as exhibits in defendants motion demonstrate plaintiff does not reside within the State of Texas but instead resides in Mexico based on information defendants found on the internet. The same practice which resulted in plaintiffs cause of action to be filed in the first place.  Defendants  use on Google to make claims and statements of fact which the flat out refuse to verify the factual truthfulness not only demonstrates defendants history of wanton disregard for the truth and reckless disregard to its effects on others

It is downright dangerous to those they target as well as innocent individuals they put in the middle.

It is important to note here that Defendants while having no problem asking plaintiff to do Zoom interviews, or X (formerly known as Twitter) Spaces interviews for their financial gain, or their continued repeated defamatory, libelous published statements even to this date against plaintiff, NOT ONCE has defendants bothered to simply ask plaintiff for his place of residence.

Defendants offer as evidence of their assertion of lack of diversity and Subject Matter Jurisdiction:

1. the address used for mailing address in this action has a "c/o" in front of it.
2. plaintiffs email signature contains a Monterrey Nuevo Leon Mexico reference defendants seem to assume is represented as plaintiffs address, *(set intentionally by Plaintiff to demonstrate how Defendants repeatedly publish statements based on what they read without making even the slightest attempt to verify the truthfulness of what they are repeating as fact.)*
3. argue that the mailing address of plaintiff is a commercial property asserting as such plaintiff cannot reside at said property,
4. that plaintiff does not own or maintain any personal property, furniture etc. at the 1520 Sherman St Laredo Texas address,
5. and that references made on social media or implied as defendants put it demonstrate plaintiffs lives in Mexico.

4

Plaintiff has attached hereto an *Affidavit of Erik Gamez*, the owner/operator of the long-standing Laredo, Texas family business known as Champion Fine Meats at 1520 Sherman Street, Laredo, Texas **(Exhibit 1 Dkt 22-1).** Plaintiff believes said Affidavit will eliminate almost 100 percent of the defendants claims as to plaintiff "cannot be residing at the property." (**AMENDED NOTE Bold added to indicate amended section:: So as to not require a response to defendants previous response and implications alleging perjury in said affidavit plaintiff addresses defendants previous response. Contrary to defendants claims that plaintiff updated a possible address in a Florida court filing indicating Monterrey Nuevo Leon Mexico based on plans still be worked out for medical treatment being sought in no way demonstrates statement that he can attested that plaintiff has not resided in Monterrey Mexico or been their other than a single time in last four years is false or perjury. As demonstrated to this Court in Dkt 27 & 27-1)**

In addition, plaintiff attached hereto his own *Affidavit of Lawrence (Larry) W. Sinclair* **(Exhibit 2 Dkt 22-2)** providing the court with plaintiff's sworn statement as to residence and citizenship as a citizen of the State of Texas, County of Webb. Plaintiff provides this court with a copy of the following as well:

1. Plaintiffs Texas Driver's License **(Exhibit 3 Dkt 22-3)** issued on February 10, 2022 (Plaintiff has redacted the street information from said license but not the city and state (plaintiff has redacted street info and partial Driver's License Number to protect the privacy of individuals residing at that address after Defendants went on the social media platform X formerly known as Twitter shortly after filing their motions on January 30, 2024 continuing to defame and libel plaintiff and distribute

    personal information see attached **(Exhibit 4 Dkt 22-4)** screen shots of Defendant Edward Krassensteins January 30, 2024 post timed at 6:20PM)

2. Plaintiffs Texas vehicle registration **(Exhibit 5 Dkt 22-5)** from the Webb County Tax Assessors office (Plaintiff again has redacted street info, vin number and last 3 of license plate)

3. Plaintiffs Texas Voter registration card (again street info redacted) **(Exhibit 6 Dkt 22-6) (Note Plaintiff just realized Voter registration expired on 12-31-2023 and will update it)**

4. Plaintiffs Laredo Trade Tag Toll account statements from July 2023 through January 2024 which was obtained when plaintiff began traveling for medical treatment. The transaction information has been redacted and each statement clearly shows on the bottom left corner these were ran January 30, 2024 **(Exhibit 7 of 7 pages Dkt 22-7)**

    Plaintiff notes in this **AMENDED RESPONSE his previous response to defendants accusation of perjury (25 II A & Dkt 25-1) in plaintiffs Affidavit (Exhibit 2 Dkt 22-2) filed in original response. Plaintiff filed a reply (Dkt 27) where plaintiff made clear Florida 18th Circuit Court Case Sinclair v City of Cocoa was filed with counsel in 2020 and is an election & voter fraud case where a candidate not only lied about living in the district where he sought to be elected for seat on city council, he voted in a district he did not reside in and the City failed to enforce and uphold the City Charter. That case ended up being handled pro se after plaintiffs counsel suddenly retired from the practice of law and failed to inform any of his**

**clients to that fact. Over the course of plaintiff handling the matter remotely and via e-file system plaintiff updated mailing address on documents filed numerous times based on what was possibly to be a location where plaintiff anticipated might be during the response time associated with a filing depending on his ongoing medical issues and efforts to treat them. Defendants might find it informative to know plaintiff has suffered from extensive disc, nerve and mobility issues for more than 20 years.  Plaintiff providing a possible mailing address in any situation based on a possibility plaintiff may be in one place or another does not constitute plaintiffs place of citizenship, residency.  Plaintiff has been a resident and citizen of Webb County Laredo Texas since he packed his belongings into his vehicle and uhaul trailer on November 7, 2021 and moved from Cocoa, Florida to Laredo Texas. Plaintiff has not changed his place of citizenship or permanent residence since that date nor does plaintiff being in another location to receive medical care treatment change it.**

    Defendants argue in said Motion

*See Coury, 85 F.3d at 251 ("In determining a litigant's domicile, the court must address a variety of factors. … The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.").*

    Based upon defendants own requirements to establish a litigants domicile plaintiff has demonstrated beyond doubt with exhibits filed on original response incorporated herein by DKT reference **Dkt 22-1 through 7, Dkt 27 & 27-1 (note as to Dkt 27-1 plaintiff did not provide Google Timeline records for entire period from Nov 2021 to**

7

**filing because of the number of pages involved nor the belief they are necessary to demonstrate plaintiff has not lived in Monterrey Nuevo Leon Mexico has claimed by defendants based on what they found on the internet.)**

Upon consideration of the attached exhibits and information provided herein, Plaintiff would respectfully ask this Honorable Court find Plaintiff is indeed pursuant to law cited by defendants a domiciled citizen of the State of Texas and has been as demonstrated herein and Plaintiff has demonstrated this Court does in fact to have Subject Matter Jurisdiction and Diversity has in fact been clearly established by Plaintiff. In addition, Plaintiff respectfully moves this Court to **DENY** Defendants Motion to Dismiss pursuant to Rule 12 (b) 1 of Federal Rules of Civil Procedure.

## II Defendants Alternative Motion to Transfer Venue Pursuant 28 U.S.C. § 1404(a)

In regard to defendants Alternative Motion for Transfer of Venue to the Middle District of Florida.  28 USC §1404 was enacted in 1948 and amended shortly thereafter to include subsection (a) Shortly thereafter, *Congress enacted 28 U.S.C. § 1404(a) revising the Judicial Code, 28 U.S.C. § 1 et seq. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."*

Defendants claim the action lacks Diversity yet that is clearly false; defendants claim the Court lacks Subject Matter Jurisdiction which is also false. Upon research plaintiff discovered that Motions pursuant to 28 U.S.C. § 1404(a) are normally considered inappropriate with motions to dismiss under Rule 12 (b). For defendants Motion to Transfer Venue to be proper or valid defendants would have to hold position

8

that Diversity and Jurisdiction are proper and valid.

The applicable Fifth Circuit law allows for transfer only when the movant shows that the transferee forum is "clearly more convenient" than the transferor forum, which is determined by assessing a series of private and public interest factors. ***In Re: TikTok, Inc., No. 23-50575 (5th Cir. 2023) In re Samsung Elecs. Co., Ltd., Case No. 2023-146 (Fed. Cir. Dec. 14, 2023***)

Defendants simply state in their Alternative Motion to Transfer Venue is for ***the convenience of parties and witnesses (emphasis bold added).*** Stating simply that defendants reside in Ft Meyers & Cape Coral, Florida though none of defendants reside in Cape Coral and plaintiff corrected defendant Edward Krassensteins address after defendants refused repeated requests to confirm his correct address and plaintiff discovered his correct address in Ft. Meyers. The business defendants do not operate outside of the address and residence of defendants Krassensteins according to Florida Division of Corporation filings. Defendants in reply (Dkt 25 Section III) to plaintiffs Response to Rule 12(b)(1) Motion (Dkt 22) Defendants seek transfer of venue solely because the requested District is a few miles from defendants' home.

*"Finally, Defendants assure this Court that they do not believe the court is "a little slow," as Plaintiff asserts. Doc. No. 22 at 6. Defendants assert that if this Court does not dismiss this case, then venue is proper in the United States Court for the Middle District of Florida, Fort Myers Division, for the very reason that Plaintiff mentioned in his reply: it is a few miles from their home. Doc. No. 22 at 6-7".* **(Dkt 25 Section III)**

As to defendants misrepresentation as to plaintiffs being comfortable in Florida Courts when he wants to is another deliberate attempt along with defendants

9

recent effort to claim Mr. Gamez affidavit is perjured using Motion for Restraining Order response (Dkt 34) to assert Defendants contacting and harassing & threatening Mr. Gamez 10 minutes after affidavit was filed and defendant read it was proof Mr. Gamez was lying where he stated no has contacted him or asked him anything about my staying in his properties. The Florida cases defendants refer to were filed when I resided in Florida by counsel who suddenly retired from practicing law and plaintiff was stuck with taking the case pro se.

Defendants promote themselves as Social Media Influencers, Social Media Celebrities, Political Journalists, Reporters, Website Portal designers, Internet advertisers, and operate all their "claimed" businesses online and receive financial benefit and revenue from the State of Texas residents as well as ad revenue from ads targeting Texas residents or originating in Texas which appear along their X posts.

Twitter personalities who say they're getting thousands of dollars under the site's new ad-revenue program.

https://www.businessinsider.com/twitter-ad-revenue-scheme-creator-influencer-personalities-elon-musk-money-2023-7?amp

https://muckrack.com/eddie-krassenstein

https://muckrack.com/eddie-krassenstein/articles

The Krassensteins https://www.reddit.com/r/moderatepolitics/comments/g6bm0p/the_krassensteins/

Avenatti, Wohl and the Krassensteins Prove Political Media Is a Hucksters' Paradise https://www.rollingstone.com/politics/politics-news/avenatti-wohl-krassensteins-prove-political-media-is-hucksters-paradise-839032/amp/

Twitter Starts Paying Some Creators Share of Ad Revenue on Invitation-Only

Basis, Including Andrew Tate and Krassenstein Brothers

https://variety.com/2023/digital/news/twitter-paying-creators-ad-revenue-share-andrew-tate-krassensteins-1235670342/amp/

Watch "Meet The Krassensteins, The Superstar Bros Of #Resistance Twitter (HBO)" on YouTube https://youtu.be/Np-FxttU80Y?si=rssvSY2amc8tLswV

Watch "Brian and Ed Krassenstein | PBD Podcast | Ep. 299" on YouTube

https://www.youtube.com/live/GXmfIf1jp9g?si=9UMhaSjxqh2lyEKj

America's Most Infamous Resistance Bros Want Back In

https://www.thedailybeast.com/the-krassenstein-brothers-americas-most-infamous-resistance-bros-want-back-in

Stars of the #Resistance movement, the Krassenstein brothers are back and pushing NFTs — despite past allegations of fraud.

https://www.rollingstone.com/culture/culture-news/krassenstein-brothers-twitter-elon-musk-1234646852/amp/

Brian Krassenstein https://www.influencewatch.org/person/brian-krassenstein/

Twitter Permanently Bans Anti-Trump Krassenstein Brothers, Who Deny They Broke Platform's Rules

https://variety.com/2019/digital/news/twitter-bans-ed-brian-krassenstein-brothers-fake-accounts-1203225266/amp/

The puzzling prominence of the Twitter-famous Krassenstein brothers

https://archive.thinkprogress.org/who-are-the-krassenstein-brothers-251f68acf674/

Twin brothers Brian and Ed Krassenstein have a news website in which they describe themselves as "Democrats fighting for a fascist-free United States."

https://www.politifact.com/personalities/brian-krassenstein/

Feds Seized a Fortune From #Resistance Icons Accused of Boosting Online 'Ponzi Schemes'

https://www.thedailybeast.com/feds-seized-a-fortune-from-resistance-icons-accused-of-boosting-online-ponzi-schemes

Did the Krassenstein bros exploit the Haitian disaster to get more followers online?

https://www.dailydot.com/irl/krassenstein-haitian-disaster-facebook-groups-followers/

Krassenstein Brothers: 5 Fast Facts You Need to Know

https://heavy.com/news/2019/05/krassenstein-brothers-ed-brian/amp/

Defendants directly seek subscribers, followers and viewers of their posts and published content specifically for the purpose of financial gain. The more outrageous, controversial and vicious the posts and comments the higher volume of traffic and impressions on them.

Defendants cannot present or identify a single witness they intend to call in Florida that could possibly even be admitted testifying. The evidence in this case is electronically stored and despite defendants recent clean up efforts to delete evidence of their deliberate and malicious publishing of false statements in defamation and libel of plaintiff, plaintiff can state for the court evidence he will seek either with defendants cooperation authorizing X Corp to turn it over or by Court subpoena will be from X Corp which is located in California. Discovery intended to be sought from defendants clearly is located within defendants' homes so they should have no problem producing it and turning it over.

Defendants own published admissions state "we only published what was on the internet and published by Politico and the Daily Mail 15 years ago," which despite being false Politic nor the Daily Mail are located in Florida nor is it believed defendants would

12

get anyone from either of those operations to testify at trial.

Defendants were repeatedly requested if they would comply with "their duty" under *FRCP Rule 4 (d) WAIVING SERVICE. (1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)* **has a duty to avoid unnecessary expenses of serving the summons**. *The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.* And publicly published their refusal to do so before deleting it in effort to avoid it being filed with the Court See Dkt 11 Plaintiffs Motion for US Marshall Service at the same time defendants were publicly posting and engaging with their followers on how to challenge process and other strategy. Yet now defendants claim convenience.

Defendants Alternative Motion to Transfer Venue is not because the requested District is proper as claimed, it is another strategy publicly discussed and mentioned as a way to force plaintiff to have to drop the action due to lack of finances of plaintiff. Defendants have publicly stated their disappointment with this Court allowing plaintiff to bring this action without prepayment of filing fees. Defendants have repeatedly publicly stated "when the Court lets someone with no money file without paying fees any body can sue anybody."

Defendants are in their attempt to transfer venue themselves "Forum shopping" because they want Florida Law to be controlling as opposed to Texas.

Plaintiff can state here and now if his suspicions as to the interactions and associations between defendants and defendants counsel of record are correct, given that defendants counsel is at the very least a Follower of defendants accounts and despite requests for counsel to respond to plaintiffs questions about counsels

13

engagement with defendants postings he has chosen not to, plaintiff may move to call defendants counsel as a witness in this matter.

Defendants have used information they obtained from the internet and presented it to this court as factual and even have entered it into evidence in their motions without once asking plaintiff directly, like plaintiff did defendants, for plaintiffs' address or anything else. Defendants have submitted information they never bothered to verify, never sought to verify the veracity of the original authors or any other effort which would allow them to present it to this court as evidence or factual.

Defendants hold the burden to demonstrate a transfer of venue is indeed in the interest of justice, and not only have they not done that, but they also cannot do so. Seeking venue transfer as a strategy to force plaintiff to drop the action is not a factor set forth by the United States Court of Appeals for the Fifth Circuit.

Defendants have not provided anything in their motion for transfer of venue which would find a single factor weighing in their favor.

Plaintiff would argue that Defendants Motions to Dismiss (Dkt 20) which the attached the Alternative Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) are more their roll of the dice hoping to misrepresent the facts just enough to squeeze out a dismissal knowing that Diversity & Subject Matter and Personal Jurisdiction is proper in this Court. Otherwise, why seek the Alternative instead of waiting for ruling on motions to dismiss first?

Regardless of why defendants chose this route they have FAILED to meet even the bare minimum burden established by the Fifth Circuit to succeed on Transfer of Venue in this matter.

**Wherefore** Plaintiff respectfully asks the Court to **DENY** Defendants Alternative

Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt 20)

**WHEREFORE** Plaintiff respectfully asks this Honorable Court to **DENY** Both Defendants Motion to Dismiss pursuant to Rule 12 (b)(1) and Alternative Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) for reasons set forth above.

Submitted this 24th day of February 2024

Respectfully Submitted,

*Lawrence Sinclair*

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com

### CERTIFICATE OF SERVICE

I Lawrence (Larry) W. Sinclair HEREBY certify that a true and correct copy of the foregoing **PLAINTIFFS AMENDED RESPONSE TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP 12 (b) 1 and ALTERNATIVE MOTION TO TRANSFER VENUE (Dkt 20)** has been furnished electronically by email through ECF-CM system to Charles A. Bennett cbennett@bennettlegal.com Counsel for Defendants this 24th day of February, 2024.

*Lawrence Sinclair*

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com