IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR,<br>*Plaintiff,*<br><br>v.<br><br>BRIAN MARK KRASSENSTEIN,<br>EDWARD LAWRENCE KRASSENSTEIN,<br>E&B ADVERTISING, INC., AND<br>FORUM ADVERTISING LLC,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-109 |

**DEFENDANTS' RESPONSE TO THIS COURT'S ORDER TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Pursuant to this Court's February 22, 2024, Order (Dkt. 39), Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC withdraw their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) as premature at this time.

Defendants have not yet filed an answer in this lawsuit while waiting for this Court's rulings on their Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions to dismiss. Dkt. 20 and Dkt. 21. Neither Plaintiff nor Defendants have designated witnesses yet, and the parties have not yet engaged in discovery.[1] Thus, while Defendants anticipate that certain witnesses and evidence may be located in the Middle District of Florida,

---

[1] Indeed, if this Court grants Plaintiff's Emergency Motion for Restraining Order "barring defendants from contacting in any manner any witness and individual identified as associated with, friends of Plaintiff or who have provided affidavits or any other statements on behalf of plaintiff in this case," Defendants will be severely limited in their ability to conduct any meaningful discovery. Dkt. 23.

Fort Myers Division, that will depend on the pending motions to dismiss, the parties' disclosures, and the results of the discovery requests and responses on both sides.

Defendants do not challenge this forum as an improper venue pursuant to Fed. R. Civ. P. 12(b)(3), but as an inconvenient venue pursuant to 28 U.S.C. § 1404(a). Accordingly, Defendants may re-raise the 28 U.S.C. § 1404(a) motion to transfer venue later, so long as they do so with reasonable promptness. *Brown v. Federated Capital Corp.,* 991 F. Supp. 2d 857, 860 (S.D. Tex. 2014). Moving to transfer venue after discovery requests and responses is appropriate and not an unreasonable delay. *Heritagemark, LLC v. Unum Life Ins. Co. of Am.*, No. 4:22-CV-04513, 2023 WL 8622998, at *4 (S.D. Tex. Dec. 13, 2023).

Defendants withdraw their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) as premature, without waiving the right to reassert the motion to transfer venue if the results of this Court's rulings on the pending motions to dismiss, the parties' disclosures, and the parties' discovery responses indicate that a transfer of venue would be more convenient with respect to witnesses and evidence.

DATED THIS 1ST DAY OF MARCH 2024.

                                                  (Signature on next page)

/s/ Charles A. Bennett
Charles A. Bennett
SDTX Fed. No.: 3871033
CHARLES BENNETT LAW, PLLC
12770 Coit Rd. Ste. 720
Dallas, TX 75251
cbennett@bennettlegal.com
Tel: (972) 972-4969
Fax: (469) 754-0088
ATTORNEY FOR DEFENDANTS

**Certificate of Service**

I hereby certify that on the 1st day of MARCH 2024, I electronically filed this Defendants' Response to this Court's Order to File Supplemental Brief in Support of Their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se

Mailing Address
c/o 1520 Sherman Street
Laredo, Texas 78040
E-mail: lsnewsgroup@gmail.com

/s/ Charles A. Bennett