UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | |
|---|---|
| LAWRENCE (LARRY) W. SINCLAIR ) | |
| Plaintiff, Pro Se ) | |
| ) | Case No. 5:23-CV-109 |
| VS ) | |
| ) | |
| BRIAN MARK KRASSENSTEIN, et al ) | |
| Defendants. ) | |

**PLAINTIFF RESPONSE IN OBJECTION TO DEFENDANTS' RESPONSE TO THIS COURT'S ORDER (DKT 39) TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) (DKT 41)**

**COMES NOW PLAINTIFF**, Lawrence (Larry) W. Sinclair with response in **OBJECTION** to Defendants response (DKT 41) to the Courts Order (DKT 39) and Defendants Motion ? to withdraw Defendants multiple Alternative Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and states as follows.

Defendants filed not One (1) but Two (2) Alternative Motions for Transfer of Venue pursuant to 28 U.S.C. § 1404(a) where defendants clearly stated their motion was made for convenience of witnesses. See Dkt 20 & 21.

Defendants responded to plaintiffs original Response (DKT 22) to Defendants Motion to Dismiss pursuant to Rule 12(b)(1) where defendants made this response to

1

plaintiffs' statement defendants sought transfer of venue solely because the venue was down the street from defendants homes (DKT 25)

### III. Plaintiff's objection to transferring venue lacks credibility

"Finally, Defendants assure this Court that they do not believe the court is "a little slow," as Plaintiff asserts. Doc. No. 22 at 6. **Defendants assert that if this Court does not dismiss this case, then venue is proper in the United States Court for the Middle District of Florida, Fort Myers Division, for the very reason that Plaintiff mentioned in his reply: it is a few miles from their home. Doc. No. 22 at 6-7.**" (Bold & Italics added for emphasis)

Plaintiff noted that defendants had publicly discussed online ways to make this case go away and/or make it impossible for Plaintiff to see it to its conclusion including making it impossible to prosecute for lack of financial resources. One of those options which was put out before it was deleted was to have the venue transferred to the Middle District of Florida.

Once this Court issued an ORDER (DKT 39) directing Defendants to file Brief supporting their motion for transfer of venue, defendants knowing they had no real just cause for the Court to grant any such transfer decided to instead respond to the Courts ORDER by seeking to withdraw the multiple motions as "premature' and reserving leave to re-file later (DKT 41).  Defendants state

> *"Thus, while Defendants anticipate that certain witnesses and evidence may be located in the Middle District of Florida, Fort Myers Division, that will depend on the pending motions to dismiss, the parties' disclosures, and the results of the discovery requests and responses on both sides."* DKT 41 ¶2 lines 3-6)

Plaintiff states again defendants have zero witnesses as to this case that could be remotely admissible in the Middle District of Florida, they could call outside Defendants

who clearly have more than enough resources available to them to where appearing in this Court to testify and defend this case would be no hardship of any kind to them.

Defendants further requested as demonstrated on proposed order submitted by Defendants Feb 12, 2024 in Response (DKT 34-1) to Courts Order (DKT 24) including an option where they sought the Court to rule on their multiple motions for transfer of venue on a motion for restraining order as follows: "*Plaintiff's Emergency Motion for Restraining Order is DENIED, and Defendants' pending Motion to Transfer Venue is GRANTED, and this Court orders this case transferred to the United States Court for the Middle District of Florida, Fort Myers Division;*" **Dkt 34-1 Lines 5-7**

While plaintiff agrees a Motion for Transfer of Venue filed after discovery may not be an unreasonable delay. However filing multiple motions for Transfer of Venue, having said motions responded to, Court Ordering defendants to file supporting brief on their motions, after plaintiff surprised defendants by adequately researching the law in his response to them, and defendants having to accept that they filed the motions with no legitimate basis for them other than belief plaintiff would not adequately respond to them, later seeking to withdraw them with leave to re-file later is indeed an UNREASONABLE delay and an unacceptable tactic and abuse of this Court.

**WHEREFORE** Plaintiff OBJECTS to Defendants request to WITHDRAW their multiple Alternative Motions (Dkt 20 & 21) for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) and Defendants having leave to re-file them after discovery, and;

WHEREFORE Plaintiff respectfully requests this Honorable Court:

1. DENY Defendants request to Withdraw Alternative Motions to Transfer Venue (Dkt 20 & 21); and

2. DENY Defendants leave to re-file Motions to Transfer Venue at a later date; and FURTHERMORE.

3. DENY Defendants multiple Motions for Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Dkt 20 & 21 filed January 30, 2024.

Submitted this 2nd day of March 2024

Respectfully Submitted,

*Lawrence Sinclair*

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com

## CERTIFICATE OF SERVICE

I Lawrence (Larry) W. Sinclair  HEREBY certify that a true and correct copy of the foregoing **PLAINTIFF RESPONSE IN OBJECTION TO DEFENDANTS' RESPONSE TO THIS COURT'S ORDER (DKT 39) TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) (DKT 41)** has been furnished electronically by email through ECF-CM system to Charles A. Bennett cbennett@bennettlegal.com Counsel for Defendants this 2nd day of March, 2024.

*Lawrence Sinclair*

Lawrence (Larry) W. Sinclair
Plaintiff, Pro Se
1520 Sherman Street
Laredo, Texas 78040
602-583-3626
Email: lsnewsgroup@gmail.com