IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE (LARRY) W. SINCLAIR,<br>*Plaintiff,*<br><br>v.<br><br>BRIAN MARK KRASSENSTEIN,<br>EDWARD LAWRENCE KRASSENSTEIN,<br>E&B ADVERTISING, INC., AND<br>FORUM ADVERTISING LLC,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-109 |

**DEFENDANTS' SUPPLEMENTAL BRIEF ON EVIDENTIARY RULES REGARDING THE EVIDENCE SUPPORTING THEIR 12(b)(1) MOTION TO DISMISS**

As ordered by this Court, Defendants Brian Mark Krassenstein, Edward Lawrence Krassenstein, E&B Advertising, Inc., and Forum Advertising LLC, file this supplemental brief relating to Defendants' request for this Court to take judicial notice of certain facts presented in their Exhibits, including Dkt. No. 20-1, Dkt. No. 21-1, and Dkt. No. 25-1.[1] Dkt. No. 46 (referencing Dkt. No. 20 at 4 and 7).

Defendants asked this Court to take judicial notice of the following facts:

1. That Plaintiff, Lawrence (Larry) W. Sinclair, is a resident of Mexico according to his e-mail signature, previous court filings, social media postings, and interview with Tucker Carlson on "The Tucker Carlson Experience." (Dkt. No. 1; Dkt. No. 20 at 2, 7; Dkt. No. 25).

---

[1] Dkt. 20-1 and Dkt. 21-1 share the same affidavits and attachments thereto, which will be discussed below. Dkt. 21-1 also includes an article from the Pueblo Chieftain newspaper, which is self-authenticating under Fed. R. Evid. 902(6).

DEFENDANTS' SUPPLEMENTAL BRIEF ON EVIDENTIARY RULES                                    PAGE 1

2. That Plaintiff, Lawrence (Larry) W. Sinclair provided this Court with a "mailing address" or "c/o" address at 1520 Sherman Street, Laredo, Texas 78040. (Dkt. No. 20 at 2-3).

3. That the address Plaintiff provided this Court, 1520 Sherman Street, Laredo, Texas 78040 is not a homesite according to Webb County Appraisal District records, and that the same address is the address for Champion Fine Meats. (Dkt. No. 20 at 3, 8-9).

Defendants now acknowledge that this Court cannot take judicial notice that Plaintiff is a resident of Mexico, because (1) Plaintiff disputes that fact, and (2) Plaintiff has informed this Court that his own e-mail correspondence and Florida state court filings are ***not*** "sources whose accuracy cannot reasonably be questioned" with respect to his address in Monterrey, Nuevo Leon, Mexico, because he deliberately provided a false address to the Florida state court. Fed. R. Evid. 201(b). Dkt. No. 22 at 2-3; Dkt. No. 26 at 2 ("Plaintiff has never even personally or physically been at the address [he] listed on said Florida filing."). However, this Court can take judicial notice that Plaintiff repeatedly represented himself as residing in Mexico through e-mail correspondence, Florida state court filings, and social media posts. *Cf. Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.,* 9 F.4th 247, 255 (5th Cir. 2021) (courts may take judicial notice of SEC filings for the statements contained in the documents, but not for the truth of those statements).

## I. This Court should take judicial notice of facts that strongly indicate that Plaintiff is not domiciled in Texas

This Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1). Further, this Court must take judicial notice if a party requests it, and the Court is supplied with the necessary information. Fed. R. Evid. 201(c)(2).

### A. This Court should take judicial notice of the fact that Plaintiff has repeatedly professed to be a resident of Mexico

"[T]he movant must identify the fact to be noticed, the purpose and relevance of that fact, and the source of indisputable accuracy for a fact that can be accurately and readily determined under Rule 201(b)(2)." *Luv n' care, Ltd. v. Jackel Int'l Ltd.*, 502 F. Supp. 3d 1106, 1108 (W.D. La. 2020) (internal citations omitted). Plaintiff's representations that he resides in Mexico are relevant for purposes of diversity jurisdiction because (1) if the representations are true, they show a lack of physical presence in Texas, and (2) even if false, the representations show a lack of intent to establish domicile in Texas. *See Coury v. Prot,* 85 F.3d 244, 250 (5th Cir. 1996) ("On the other hand, mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent"). Either way, this Court can take judicial notice of Plaintiff's statements, the widespread dissemination of Plaintiff's statements, and the frequency of the statements that Plaintiff resides in Mexico.

1. **This Court should take judicial notice of the fact that Plaintiff held himself out as a resident of Mexico in his e-mail signature when corresponding with the Krassenstein Defendants**

Plaintiff's e-mail signature shows an address in Chilpancingo, Mitras Nte., 64320, Monterrey, Nuevo Leon, Mexico:

> I have left a message for your brother Ed to get my email address from you should he wish to reach out and maybe resolve the matter on his libelous posts. His is slightly different from yours based on the statements he published and his statements of them being proven facts.
>
> Sincerely,
>
> Lawrence (Larry) W. Sinclair
> Chilpancingo, Mitras Nte., 64320
> Monterrey, N.L., Mexico
> lsnewsgroup@gmail.com
> lws092661@gmail.com

Dkt. 20-1, Exhibit A 005.

Defendants Brian Krassenstein and Edward Krassenstein have verified that the e-mails they printed out and filed with this Court are true and correct copies of correspondence they received from Plaintiff. Dkt. No. 20-1, Exhibit A, 002 ¶2, 010 ¶2. Fed. R. Evid. 901(b)(1).

Plaintiff denies he resides in Monterrey, Nuevo Leon, Mexico. Dkt. No. 22. However, Plaintiff tacitly authenticates the exhibits showing his e-mail signature, though he asserts the Monterrey address he included in the e-mail signature was intentionally deceptive. Dkt. No. 22 at 2, 3-4. Fed. R. Evid. 901(b)(1). Thus, Plaintiff's e-mail signature reproduced in Defendants' exhibits is indisputably accurate for purposes of taking judicial notice that Plaintiff *claimed* to reside in Mexico, even if this Court cannot take judicial notice that Plaintiff resides in Mexico. Fed. R. Evid. 201(b)(2).

2. **This Court should take judicial notice that Plaintiff held himself out as a resident of Mexico in official Florida state court filings less than one month before declaring himself to be a resident of Texas to this Court**

This Court may take judicial notice of state court proceedings as a matter of public record. *Stiel v. Heritage Numismatic Auctions, Inc.,* 816 Fed. Appx. 888, 892 (5th Cir. 2020) ("Accordingly, the district court was allowed to take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss.").

Thus, this Court may take judicial notice of Plaintiff's filings in Florida state court that include the same address in Monterrey, Nuevo Leon, Mexico, that Plaintiff included in his e-mail correspondence with Defendants:

Dated this 30th day of August 2023.

*Lawrence Sinclair*
_____
Lawrence (Larry) Sinclair, pro se
Chilpancingo 320, Mitras Nte., 64320
Monterrey, N.L., Mexico
+52 951 437 0777
lsnewsgroup@gmail.com
lws092661@gmail.com

**CERTIFICATE OF SERVICE**
I HEREBY certify that a true and correct copy of the foregoing **PLAINTIFF SINCLAIR MOTION FOR RECONSIDERATION AND REINSTATEMENT OF CASE** has been furnished electronically (by E-service) To Alton T. Edmond, Counsel for Defendant Hearn edmondtriallaw@gmail.com Debra Babbs-Nutcher, Counsel for Defendant City of Cocoa dbabb@orlandolaw.net and via direct email to Brenda Warner Plaintiff pro se at brenda4cocoa@gmail.com this 5th day of September 2023.

*Lawrence Sinclair*

Lawrence (Larry) Sinclair, pro se
Chilpancingo 320, Mitras Nte., 64320
Monterrey, N.L., Mexico
+52 951 437 0777
lsnewsgroup@gmail.com
lws092661@gmail.com

Dkt. No. 25-1 at 2, 3, 5; Dkt. No. 20-1.

On October 3, 2023, roughly one month later, Plaintiff filed his complaint in this Court, in which he claimed to be a resident of Texas. Dkt. No. 1.

Plaintiff's claims to reside in Mexico are relevant to his physical presence in Texas (or lack thereof) as well as his *intention* to establish domicile in Texas. *Coury,* 85 F.3d at 250. Plaintiff's Florida state court filings are not hearsay, because they are public records, and Plaintiff has not indicated that they lack trustworthiness. Fed. R. Evid. 803(8). *See also Stiel,* 816 Fed. Appx. at 892. In fact, Plaintiff tacitly acknowledged the Florida court filings contained in Dkt. 25-1 as indisputably accurate documents, though he denies that the Monterrey address contained in the documents (that he himself provided to the Florida court and e-file system) is or was accurate. Dkt. 26 at 2, ¶¶2-4; 6, ¶26. Fed. R. Evid. 201(b)(2).

### 3. This Court should take judicial notice that Plaintiff held himself out as a resident of Mexico in social media and other internet sources

Plaintiff's social media (X) account includes the same representations that he lives in Mexico. Dkt. No. 20-1, Exhibit A, 009, 017. Defendants Brian Krassenstein and Edward Krassenstein have verified that the screenshots they printed out and filed with this Court are true and correct copies of screenshots they made of Plaintiff's social media posts. Dkt. No. 20-1, Exhibit A, 002, ¶6; 010, ¶6. Fed. R. Evid. 901(b)(1). Plaintiff does not dispute that the screenshots are accurate screenshots and, as the original poster, he would know for sure. Fed. R. Evid. 201(b)(2).

The X posts may or may not be truthful (that Plaintiff lives in Mexico), but this Court may take judicial notice that the posts were made by Plaintiff, and that Plaintiff held himself out as a resident of Mexico. *Cf. Petrobras,* 9 F.4th at 255. Further, Plaintiff acknowledges he intentionally inserted a reference to living in Monterrey, Mexico on his Amazon.com author page. Dkt. No. 26 at 2-3, ¶5.

Finally, Plaintiff did not correct Tucker Carlson's statement that "Larry Sinclair is still alive. He lives in Mexico," during Plaintiff's recorded interview on The Tucker Carlson Encounter on September 6, 2023 (around the 2:50-:52 mark). https://tuckercarlson.com/the-tucker-carlson-encounter-larry-sinclair/.

Defendants provided a hyperlink to the original interview for this Court's convenience rather than a transcription, or their own descriptions of the interview, so (1) this Court can access the original material, and (2) Plaintiff, the interviewee, had the opportunity to challenge the interview or see for himself if it was edited or

altered. Fed. R. Evid. 1002; *cf. Harrington v. Art Institutes Int'l LLC,* No. 4:20-CV-2445, 2022 WL 824845, at *10 (S.D. Tex. Mar. 18, 2022) ("Defendants support this argument by pointing to the 'best evidence' rule, which holds that '[a]n original writing ... is required in order to prove its content unless these rules or a federal statute provides otherwise.'").

Accordingly, even if this Court may not take judicial notice that Plaintiff lives in Mexico, this Court may take judicial notice from indisputably accurate documents that Plaintiff has made multiple, widespread statements that he does live there. Fed. R. Evid. 201(b)(2). The documents are indisputably accurate because Plaintiff has tacitly acknowledged the e-mail signature, the Florida court filings, and the social media posts. Dkt. No. 26 at 2-3, ¶¶2-5; 6-7, ¶26, ¶29. These statements are not consistent with the requisite intent to establish domicile in Texas. *See Coury,* 85 F.3d at 250. These statements are against Plaintiff's interest in showing an intent to create a domicile in Texas and are not hearsay. Fed. R. Evid. 801(d)(2)(A). Defendants ask this Court to take judicial notice for that purpose. *Luv n' care, Ltd.,* 502 F. Supp. 3d at 1108.

### B. This Court should take judicial notice that public records indicate that Plaintiff's Texas address is not a residence

A domicile requires the concurrence of: (1) physical presence, or residence, and (2) an intention to remain there indefinitely. *See Coury,* 85 F.3d at 250. While this Court may not take judicial notice that Plaintiff is not domiciled in Texas, because that is disputed, this Court may take judicial notice of facts that make domicile more or less likely—that is, the facts that (1) Plaintiff's purported residence is a business

instead of a residence, and (2) Plaintiff does not own or rent the purported residence. Dkt. No. 26 at 5, ¶19; Dkt. No. 22-1, ¶¶3, 9, 6; Dkt. No. 50. Fed. R. Evid. 201. These facts are relevant because they pertain to Plaintiff's physical presence in Laredo as well as his intention to remain indefinitely as required by *Coury*. Fed. R. Evid. 201; *Luv n' care, Ltd.,* 502 F. Supp. 3d at 1108; *see Coury,* 85 F.3d at 250.

Defendants ask this Court to take judicial notice that (1) Plaintiff's purported residence, 1520 Sherman Street, Laredo, Texas, is a commercial warehouse/cold storage facility/office/parking lot according to Webb County Appraisal District records, and (2) Plaintiff does not pay taxes on the real property or personal property at that address. Dkt. No. 1; https://www.webbcad.org/property-detail/165320/2023 ; https://www.webbcad.org/property-detail/183844/2023 . *See Swindol v. Aurora Flight Scis. Corp.,* 805 F.3d 516, 519 (5th Cir. 2015), certified question answered, 194 So. 3d 847 (Miss. 2016) (the accuracy of public records contained on governmental agency websites cannot reasonably be questioned); *see also Deutsche Bank Nat'l Tr. Co. v. Cardona,* No. 7:16-CV-448, 2017 WL 10153540, at *4 (S.D. Tex. Jan. 18, 2017) ("The Court may take judicial notice of public records accessible online"). In fact, 1520 Sherman Street, Laredo, Texas, is the location of Champion Fine Meats, as verified by the business owner. Dkt. No. 22-1; *see also* Dkt. No. 22 at 3; Dkt. No. 26 at 5, ¶19. These records are indisputably accurate for judicial notice purposes. Fed. R. Evid. 201(b)(2).

Further, Plaintiff's previously filed documents in this Court indicate that Plaintiff has no rental agreement to stay at Champion Fine Meats for any specified

duration, and he stays in other locations as well in Laredo and in Mexico. Dkt. No. 22-2 at ¶¶8, 12; Dkt. No. 26 at 5, ¶21; 7, ¶27; Dkt. No. 50. Fed. R. Evid. 801(d)(2)(A); Fed. R. Evid. 901(b)(1). Defendants ask this Court to take judicial notice that Plaintiff lacks a formal rental arrangement, which again, calls into question an intention to remain at Champion Fine Meats, or in Laredo, indefinitely. *See Coury,* 85 F.3d at 250.

## Conclusion

Pursuant to Fed. R. Evid. 201, Defendants ask this Court to take judicial notice of relevant facts pertaining to Plaintiff's domicile in Texas for the purpose of determining diversity jurisdiction under 28 U.S.C. § 1332.

DATED THIS 19TH DAY OF MARCH 2024.

*/s/Charles A. Bennett*
Charles A. Bennett
SDTX Fed. No.: 3871033
CHARLES BENNETT LAW, PLLC
12770 Coit Rd. Ste. 720
Dallas, TX 75251
cbennett@bennettlegal.com
Tel: (972) 972-4969
Fax: (469) 754-0088
ATTORNEY FOR DEFENDANTS

**Certificate of Service**

I hereby certify that on the 19th day of March 2024, I electronically filed this Defendants' Supplemental Brief on Evidentiary Rules Regarding the Evidence Supporting Their 12(b)(1) Motion to Dismiss with the Clerk of Court through the Court's electronic filing system, which will send notification of filing to Plaintiff as follows:

> Lawrence (Larry) W. Sinclair
> Plaintiff, Pro Se
>
> Mailing Address
> c/o 1520 Sherman Street
> Laredo, Texas 78040
> E-mail: lsnewsgroup@gmail.com

*/s/ Charles A. Bennett*