United States District Court
Southern District of Texas
**ENTERED**
April 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

LAWRENCE W. SINCLAIR        §
                           §
VS.                        §        CIVIL ACTION NO. 5:23-CV-109
                           §
BRIAN MARK KRASSENSTEIN *et al.* §

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On March 5, 2024, United States District Judge Marina Garcia Marmolejo referred this matter to the Undersigned for a report and recommendation on Plaintiff's domicile. (Dkt. No. 44). On March 25, 2024, an evidentiary hearing ("the hearing") was held before the Undersigned. (Min. Ent. on Mar. 25, 2024). Based on the evidence and testimony put forth in the hearing, for diversity purposes the Undersigned **RECOMMENDS** the Court find Plaintiff to be domiciled in Texas.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 30, 2024, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, (Dkt. No. 20). In the motion, Defendants allege Plaintiff is domiciled in Mexico, meaning there is no diversity of citizenship between the parties. (*Id.* at 1). Plaintiff has opposed the motion, alleging he is a citizen and resident of Texas. (Dkt. No. 22). Plaintiff filed his first response in opposition, (*id.*), on January 31, 2024, and subsequently filed several amended and supplemental responses. (*See* Dkt. Nos. 26, 27, 32, 37, 40, 50, 52, 53).

In Plaintiff's first response in opposition, he attached an affidavit from Erik Gamez ("Gamez"). (Dkt. No. 22-1). In the affidavit, Gamez states "I have allowed

1

[Plaintiff] to reside in a building on the property of 1520 Sherman Street, Laredo, Texas." (*Id.* at 2). On March 12, 2024, the Undersigned subpoenaed Gamez to appear at an evidentiary hearing on this matter. (Dkt. No. 48). Gamez was ordered to bring:

> Any and all documentation, photographs, or records of an agreement between [Plaintiff] and [Gamez] governing or demonstrating Plaintiff's permanent residency at 1520 Sherman Street, Laredo, Texas 78040, to include any rental agreement and/or photographs of any habitable living space . . .

(*Id.*). On March 25, 2024, the hearing was held. (Min. Ent. on Mar. 25, 2024).

## II. LEGAL STANDARD

A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a). "Complete diversity" of citizenship means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). The citizenship of an individual is synonymous with his domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

Domicile is determined by a two-part test: (1) the residence of the party in a state and (2) the intent of the party to remain there indefinitely. *Coury*, 85 F.3d at 250; *E.g.*, *Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 756 (S.D. Tex. 2012).

Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. *Id.* In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile. *Id.*

The Fifth Circuit has identified several factors to consider in determining a litigant's domicile. The factors may include the places where:

> (1) the litigant exercises civil and political rights, (2) pays taxes, (3) owns real and personal property, (4) has driver's and other licenses, (5) maintains bank accounts, (6) belongs to clubs and churches, (7) has places of business or employment, and (8) maintains a home for his family.

*Coury,* 85 F.3d at 251. The court should, when undertaking this examination, weigh all factors equally; no single factor is determinative. *Id.*; *E.g., Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444 (5th Cir. 2003). Additionally, statements of intent, either to remain in a previous domicile or to establish a new one, are "entitled to little weight" if they conflict with the objective facts. *Acridge*, 334 F.3d at 448.

The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction. *Coury*, 85 F.3d at 250. In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony

concerning the facts underlying the citizenship of the parties. *Id*. at 249. The time-honored standard routinely applied to the fundamental question of citizenship is proof by a preponderance of the evidence. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804 (5th Cir. 2007).

### III. ANALYSIS

As an initial matter, Defendants request the Court take judicial notice of Webb County Appraisal District records indicating 1520 Sherman Street, Laredo, Texas 78040 ("1520 Sherman Street") is the site of a business, Champion Fine Meats. (Dkt. No. 20 at 8–9). Defendants further request the Court take judicial notice of the fact Plaintiff repeatedly represented himself as residing in Mexico through e-mail correspondence, Florida state court filings, and social media posts. (*Id*. at 7). On March 19, 2024, Defendants submitted supplemental briefing related to these requests. (Dkt. No. 51). In their supplemental briefing, Defendants cite to *Petrobas Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, for support. 9 F.4th 247 (5th Cir. 2021). (*Id*. at 2). However, *Petrobas* concerns Securities and Exchange Commission (SEC) filings and is not on point.[1]

The Fifth Circuit has yet to address directly whether district courts may take judicial notice of information from non-governmental websites.[2] As a result, because Defendants seek judicial notice of information from X (twitter.com), facebook.com,

---

[1] *See Petrobas*, 9 F.4th at 255 (citing to *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), for the proposition "that a district court deciding a motion to dismiss a securities fraud action may take judicial notice of the contents of documents filed with the Securities Exchange Commission").

[2] *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

amazon.com, and tuckercarlson.com, the Undersigned recommends the Court decline to take judicial notice of information from these sources. (Dkt. No. 51 at 7). Still, the Undersigned acknowledges the information as evidence within the Court's purview to consider in conducting the jurisdictional assessment and does so here.

Regarding the Florida state court filings and Webb County Appraisal District records, as matters of public record, the Undersigned recommends the Court take judicial notice.[3] Plaintiff has acknowledged his e-mail correspondence with Defendants, therefore their "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Though it does not alter the disposition of this matter, the Undersigned recommends the Court take judicial notice of the e-mail correspondence as well.

## A. The Hearing

At the start of the hearing, Plaintiff presented the Court ten (10) exhibits, as detailed in Plaintiff's exhibit list, (Dkt. No. 54). Included in these exhibits are copies of Plaintiff's Texas driver's license, Texas vehicle registration, and Texas voter registration card. (Dkt. No. 54-5 at 3, 54-5 at 4, 54-6 at 3).

According to Plaintiff's testimony, when Plaintiff filed his complaint on October 3, 2023, he resided "at 1520 Sherman Street, Laredo, Texas." (Hrg. at 2:09:15). Plaintiff testified he relocated to Laredo, Texas, in November 2021 from Cocoa, Florida. (*Id.* at 2:26:00–2:26:15). From November 2021 to October 2022 Plaintiff resided in hotels, motels and an apartment located at 1706 Guatemozin

---

[3] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. Appx. 888, 892 (5th Cir. 2020) ("We have allowed a 'district court to take judicial notice of the public records in . . . prior state court proceedings'"); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("the accuracy of . . . public records contained on [governmental agency websites] cannot reasonably be questioned").

Street, in Laredo, Texas. (*Id*. at 2:24:25–2:26:59). Facing financial strain, Plaintiff began residing in a storage shed located on the 1520 Sherman Street property in October 2022. (*Id*. at 2:22:20–2:23:49). The 1520 Sherman Street property is owned by Plaintiff's friend, Gamez. (Dkt. No. 22-1 at 2).

When Plaintiff moved to 1520 Sherman Street he brought a bed, boxes, clothing, a computer, a microwave, a printer and a shelving unit. (Hrg. at 2:31:14–2:31:52). Plaintiff sleeps at 1520 Sherman Street five to six nights per week. (*Id*. at 2:31:53–2:32:02). Plaintiff eats, reads books, and watches television at 1520 Sherman Street. (*Id*. at 2:32:03–2:33:03). At the time Plaintiff filed his complaint, Plaintiff testified he planned to reside at 1520 Sherman Street "until I got either my disability [benefits] back or I was able to find someone that would employ me with my disabilities and my limitations—or until I die." (*Id*. at 2:34:44–2:35:05).

Responding to questions posed by the Defendants, Plaintiff testified to the addresses listed in his e-mail signature and the Florida state court filings. (*Id*. at 2:38:05–2:40:29). Plaintiff testified he has never been to these addresses in Mexico. (*Id*. at 2:39:26). Plaintiff further testified Tucker Carlson's statement—"Larry Sinclair is still alive. He lives in Mexico"—was part of Mr. Carlson's introduction to the interview segment. (*Id*. at 2:40:30–2:41:29). Plaintiff testified he was not present when the introduction to the interview segment was filmed, therefore he could not correct Mr. Carlson's statement. (*Id*. at 2:40:30–2:41:29).

The Court then called Gamez, the owner of Champion Fine Meats. (*Id*. at 2:45:10). Gamez provided the Court seven (7) photographs of 1520 Sherman Street,

including Plaintiff's room. (Dkt. No. 55). Per Gamez, Plaintiff is residing in a storage shed located on the 1520 Sherman Street property, behind Champion Fine Meats. (Hrg. at 2:49:30). Gamez and Plaintiff made an oral agreement that Plaintiff could stay at 1520 Sherman Street. (*Id.* at 2:49:45). Gamez testified to the habitability of the storage shed, stating he himself resided there for a year following a housefire at his main residence. (*Id.* at 2:50:40–2:51:15). Gamez noted Plaintiff sleeps at 1520 Sherman Street four or five nights a week. (*Id.* at 2:51:25).

Defendant's questioning of Gamez focused on Plaintiff's "Authorized Presence" document, (Dkt. No. 52-3), filed the day before the hearing. (Hrg. at 2:53:30–3:03:33). The document is signed by Gamez and purports to verify, for law enforcement purposes, that Plaintiff is authorized to be on the 1520 Sherman Street property. (Dkt. No. 52-3 at 2). Gamez's testimony made clear that while the document is dated "October 10, 2022," Plaintiff asked Gamez to sign it three days before the hearing.[4] (Hrg. at 3:02:55).

### B. Plaintiff's Domicile

Regarding Plaintiff's domicile, the evidence before the Court falls into two categories. The first category consists of evidence from online and outside sources. The second category includes evidence and testimony provided by Plaintiff which demonstrate his actions. As stated above, the Fifth Circuit holds there is a difference

---

[4] At this time, the Undersigned does not find Plaintiff made a misrepresentation to the Court. However, as this case proceeds, the Undersigned warns if a party violates Federal Rule of Civil Procedure 11(b), that party may be sanctioned under Federal Rule of Civil Procedure 11(c). Federal Rule of Civil Procedure 11(b) requires an attorney or *pro se* litigant filing a document to certify "it is not being presented for any improper purpose." Fed. R. Civ. P. 11(b).

between words and actions in this context. "Words may be evidence of a man's intention" but "they cannot supply the fact of his domicile there." *Stine*, 213 F.2d at 448. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile. *Id*. Addressing the evidence from online and outside sources, Plaintiff testified at the hearing and in his pleadings he has used fake addresses for privacy. (Hrg. At 2:38:15–2:40:29; Dkt. No. 52 at 5). Accordingly, to the determination of Plaintiff's domicile, the Undersigned focuses on the "objective facts." *Coury*, 85 F.3d at 251.

In examining Plaintiff's course of conduct, the evidence indicates he resides in a storage shed located on the 1520 Sherman Street property, (Dkt. No. 22-2 at 2), is registered to vote in Texas, (Dkt. No. 54-7), has a Texas driver's license, (Dkt. No. 54-5), and owns a car registered in Texas, (Dkt. No. 54-6). Plaintiff's Laredo Trade Tag is registered to the 1520 Sherman Street property. (Dkt. No. 54-9). Plaintiff states in an affidavit that he receives his mail at 1520 Sherman Street and that his debit cards are registered to that address. (Dkt. No. 22-2 at 2). Plaintiff also provided an affidavit from Gamez. (Dkt. No. 22-1). In the affidavit Gamez states "I have allowed [Plaintiff] to reside in a building on the property of 1520 Sherman Street, Laredo, Texas[,] for the purpose of maintaining his belongings, having a place to sleep, prepare meals and receive his mail for the better part of 18 plus months." (*Id*. at 2). Gamez provided the Court seven (7) photographs of 1520 Sherman Street, including Plaintiff's room. (Dkt. No. 55).



(*Id.* at 5). Additionally, Plaintiff testified since relocating to Laredo in November 2021

from Cocoa, Florida, it is his intent to remain in Laredo indefinitely. (Hrg. at 2:27:00–

2:27:50). Plaintiff testified he previously lived in Laredo from 2005 to 2007 and has

friends and people he considers to be family in the community. (*Id.*). This testimony

is credible in light of the objective evidence that Plaintiff resides in, is registered to

vote in and has a driver's license from, Texas.

In light of the above case law and facts, the Undersigned finds by a

preponderance of the evidence that Plaintiff was domiciled in Texas when this

lawsuit was filed on October 3, 2023.

### IV. RECOMMENDATION

Based on the evidence and testimony put forth in the hearing, for diversity

purposes the Undersigned **RECOMMENDS** the Court find Plaintiff to be domiciled

in Texas.

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on this 8th day of April, 2024.


Christopher dos Santos
United States Magistrate Judge