UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LAWRENCE SINCLAIR | § |
| | § |
| VS. | § CIVIL ACTION NO. 5:23-CV-109 |
| | § |
| BRIAN MARK KRASSENSTEIN, *et al.* | § |

## ORDER

Pending before the Court is Plaintiff's emergency motion for restraining order, Defendants' response, and Plaintiff's reply (Dkt. Nos. 23, 34, 35). For the following reasons, Plaintiff's motion (Dkt. No. 23) is **DENIED**.

To obtain a temporary restraining order, the applicant must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citations omitted). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* at 651 (quoting *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)).

Here, in a brief two-page motion, Plaintiff seeks an emergency restraining order barring Defendants from "contacting in any manner any witness and individual identified as associated with, friends of Plaintiff or who have provided affidavits or

any other statements on behalf of plaintiff in this case" (Dkt. No. 23 at 2). He also asks the Court to preclude Defendants from "posting on any social media or internet platforms or websites" about "claims this court has determined them to be exonerate or any posts mentioning plaintiff or plaintiffs address or anything associated with individuals assisting plaintiff in any way" (*id.*). However, Plaintiff neither addresses the factors composing the temporary restraining order standard, nor cites any authority in support of his vague and overbroad requests. Therefore, Plaintiff has not carried his burden and his emergency motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** May 13, 2024.

Marina Garcia Marmolejo
United States District Judge