United States District Court
Southern District of Texas
**ENTERED**
August 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAWRENCE SINCLAIR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-109 |
| | § | |
| BRIAN KRASSENSTEIN, *et al.* | § | |

# ORDER

Before the Court is Plaintiff Lawrence Sinclair's Motion to Withdraw his Notice of Filing of Appeal,[1] Motion to Proceed *in forma pauperis* on Appeal,[2] Transcript Order Request,[3] and combined Motion to Stay Time to File Amended Complaint and Motion for Recusal of the Honorable Marina Garcia Marmolejo[4] (Dkt. No. 69). The Court ordered Defendants, if they were opposed to Plaintiff's motion, to file responsive briefing no later than August 27, 2024 (Dkt. No. 70 at 2). Because Defendants did not do so, the Court considers the motion unopposed. S.D. Tex. L.R. 7.4. Upon consideration, the Court **GRANTS** the motion to withdraw.

### A. Motion to Withdraw Notice of Appeal

Mr. Sinclair filed a timely notice of appeal of the Court's order granting Defendants' motion to dismiss (Dkt. No. 62), on August 20, 2024 (Dkt. No. 63). This filing effectively perfected Mr. Sinclair's appeal without necessitating further action from the Court. *See, e.g.*, *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) ("[N]othing other than the filing of a notice of appeal in the district court [is required] for the

---

[1] (Dkt. No. 63).
[2] (Dkt. No. 66).
[3] (Dkt. No. 67).
[4] (Dkt. No. 68).

perfection of an appeal." (quoting Fed. R. App. P. 3(a) advisory committee's note to 1967 amendment" (second alteration in original))). But under Federal Rule of Appellate Procedure 42(a), a district court retains jurisdiction to hear a motion to dismiss an appeal—so long as the court of appeals has not yet docketed the appeal. The Rule permits a district court to "dismiss the appeal . . . on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a).

Here, Mr. Sinclair filed the instant motion to withdraw on August 22, 2024 (Dkt. No. 69). At that point, the Fifth Circuit had not yet docketed Mr. Sinclair's appeal. In his motion, Mr. Sinclair seeks to withdraw the appeal because "simply filing the Amended Complaint serves the interest of justice in the most expedient matter" (Dkt. No. 69 at 1). And Defendants received proper notice of Mr. Sinclair's motion to withdraw. S.D. Tex. L.R. 5.1. Accordingly, the Court finds that Mr. Sinclair satisfied his burden to withdraw his notice of appeal and hereby **DISMISSES** the appeal.

### B. Motion to Withdraw Remaining Motions

No prospective jurisdictional questions are looming regarding Mr. Sinclair's remaining motions. *See* Fed. R. App. P. 24(a)(1) (denoting a party must file a motion to proceed *in forma pauperis* on appeal before the district court); *see also* Fed. R. App. P. 10(b)(1). Via motion, Mr. Sinclair affirms his intent to withdraw his motion to proceed *in forma pauperis* on appeal, transcript order request, and combined motion to stay time to file an amended complaint and motion for recusal of the Honorable Marina Garcia Marmolejo (Dkt. No. 69 at 1–2).

Accordingly, Plaintiff's motion to withdraw (Dkt. No. 69) is **GRANTED**. As set forth in the Court's order granting Defendants' motion to dismiss (Dkt. No. 62),

Mr. Sinclair is permitted to file a second amended complaint within 30 days of the date of *that* order—**by September 19, 2024**.

It is so **ORDERED**.

**SIGNED** August 28, 2024.

_____
Marina Garcia Marmolejo
United States District Judge